“ B y the Court.
 

 The Libellants have prayed, that the whole of the ihip and cargo' ihould be decreed to their ufe. There have been times in the hiftoryof nations, in whichvef-fel and goods, left by ncceffity on the high feas, have been decreed the property of me finders; and where wrecks .on the ihore have be.en with-held from the original proprietors, by. the fovereigns of the country, or fome great man, on whofe lands they have happened to be caff: Butin very" early times, they have, in both cafes, been copfidered as the .property of the original-iowner. Several of the
 
 Roman
 
 Emperors made their edi£li$ and decrees, ibr the prefervation of fuch property, and the reuoration qf it; and.for a long,time, the law of nations has been fettled on principles confonant to juftioe and humanity, in favour of the unfortunate proprietors; and the pe.rfons who have found and' faved the property, have been ’compenfated by fuch part thereof, or fuch pécuniary fatisfaction, as the laws of particular States have fpecially provided, or, in want of fuch prov.ifion, (a? the writers on the law of nations agree) by fuch reward as in the-opinion of thofe-who, by the municipal -laws of the country, are to judge, is equitable and right.- Li our country, ho fpecial rule being eftablifhed, this court is to determine what,, in fuch cafo, is-equitable and right. The rule in.eftirrtation, which ought, in myopinion, to be adopted, -would be to give,.’ if -poffible, to afeertain it, fuch compehfation or reward as- would be fufficient inducement to engage reafonable perfons, to encounter the peril and expence 'of the undertaking1; what this may be, muft, in almoft every cafe, depend on the eftimation which the Judge, who is to. decide,' may make of the expenfe, the labpur, the peril, and the-
 
 *191
 
 aftu'ai fuffering of thofe, by whofe exertions the property is faVed. And, as feveral of the moil important of thefe are really mental, to which no meafure of weight or capacity can be actually applied, it is probable, different perfons would vary co.QÍiderably in their eftimation of them. It may, therefore, bra thing to'be wifhed, that every nation would make, at. leaft, fome general rules for determining fuch cafes: but as thefe are none efla-■bliihed in this country, 1 am bound to exercife my own judgment, in determining what is a-juft and equitable epmpenfation.
 

 “ Admiralty courts having the thing faved under their coii-troulj may either adjudge a portion of fuch thing to the perfons who have faved it, or a fum of money to be paid by the proprietor, or from the produce of the thing fold. And in either cafe, the fame principle ought to operate, and fuch parts of the thing faved, or fum- of money, be decreed to thofe who fave it, ' as may fully compenfate them, and will encourage others to 'like efforts. In this cafe, the
 
 Mary
 
 Ford, when found, was at the mercy of the feas, her fails and .rigging partly taken away or loft; very little or no provifions on board her; the
 
 George
 
 was bound on a foreign' voyage, with a valuable cargo, and it does not appear that lhe had any fupernumerary hands.; thofe who undertook to'carry .her into port, found her greatly difa-bled and difficult to manage; the rifque of their lives muft have been confiderablc,.and their exertions great. • I think few cafes will happen, when the compenfation ought tp be higher.
 

 “ Under all circumftartces, therefore, 1 am of opinion, that
 
 one third part of the grofs proceeds of the
 
 value, ought to be paid
 
 'to the owners and crew of the Jhip George,
 
 .for falvage of the faid {hip
 
 Mary Ford
 
 and her cargo, and in full compenfation of their fervices, peril and expenfes, in the following'propor-. tioris which have been lince fettled by three merchants, named ' by them, and appointed by tbe court, vi
 
 z.-r-to the owners of the George,nine thoufand five hundred and eighty
 
 dollars,
 
 and twenty-eight
 
 cents, being two third parts of the fum decreed for the owners of the
 
 George
 
 and her crew, after
 
 deducing three hundred and feventy dollars and forty-two cents, for the owners, for expenfes
 
 incurred and paid by them, on the joint account of the owners and the crew—and the remaining pne third, viz. four thoufand feven .hundred and ninety dollars and fourteen cents, to the captain and crev/of the George, in the.following proportions, viz. to the Captain, eleven hundred and fifty-fix dollars and twenty
 
 .cents—Lemuel
 
 Fofter, eight hundred and twenty-five dollars and ninety cents—■
 
 John
 
 Clajfm, four .hundred and ninety-five dolíais" and fifty-four cents—fivefeamen, three hundred and thirty dollars and thirty-fix cents each—one other, two hundred and eighty-nine- dollars and feven cents—the cook, two hundred' and forty-feven dollars and feveuty-feven
 
 *192
 
 cent?—and the boy, one hundred and twenty-three dollars and tighry-íix cents.
 

 “ The next queftion is, to whom ihall the refidue be decreed ? To fettle this queftion, paffages have been read from many books written on the-law of nations, and others in which the municipal regulations,' and decifions of fcveral nations have been reported or commented on; and which have been fuppof-ed to be applicable to this- cafe. The gentlemen who have been of counfelror the parties, have ingeniouily fupported their ref-pedlive claims ; I have, I truft, carefully perufed their authorities and attended ¿0 their arguments ;—very few of their authorities appear to me to apply ; their arguments have been pertinent. I lay out of the cafe, the whole dodh ine
 
 oipoflimi-
 
 ny, as applied tore-captures, which I confidcr as depending on the municipal regulations of -States, which every fovereign has a right to,make, as far,'at leaft, as their own citizens only, are concerned, infuch manner as may appear to them beft. Under this head, though blended by focne writers with the law of nations,are to be placed the regulations made, varioufly however, by the
 
 European
 
 nations, and the late Congrefs of the
 
 United
 
 States, by which the property is divefted from the former owners, by capture, after twenty four hours pofleffion by the-.ener my ; and all other arbitrary rules, made to fettle queftioris of like nature;' alfo, all queftious about total and partial Ioffes on policies of infuranee.
 

 “ 1 embrace as found dodlrine, the principle, that neutral nations ought not to decide refpecting the l.awfulnefs or unlawful-Jtefs of capture, if it appears, that the captor, and the nation ;from whom the property is taken, are at war with each other, and the captors or their'vendees, are inpoffe/Hon of the property, (sve where-the territorial rights of the neutral, or’the rights', of their citizens, are involved iri the queftion;
 
 and that ■neutrals' are-always to take the cxifcing jlate of things as
 
 right; fo-that if either of the powers at war, or thofe to whom they have '.transferred it,
 
 are in pojfejfion of a thing taken from their enemy in
 
 war,
 
 neutral powers are to fuppofe them lawfully
 
 poffcjfed,' and-ought mot to enquire .how long, or under what circum-fiances, they have pofiefled them. To interfere and decide in fuch cafes, muft neceffarily imply
 
 a partiality contrary to the idea of neutrality
 
 ; for,
 
 they muft either give greater firmnefs to the ■capture by deciding it to be
 
 .lawful,
 
 or weaken- and render it lefs fecurey by determining it to be unlawful.
 
 Neither are neu-ti'4 powers to give' aid to either party, by conducing their prizes for them, when,
 
 they
 
 are too weak to protedl and con-duSl -them.
 

 “ Theft: principles, Í think, will ferveas a guide to.a decifion " this cai’e.-r—' • Neither of the jüelligerent.powers was in pof-
 
 *193
 
 fcffion of this property when found; —the
 
 Britijh
 
 claimants-fay, it has been their’s; —this is admitted by the
 
 French
 
 claimants ; —: and we have evidence of this fail by the cqnftruetion of the ihip Which is itvour fight, by the cargo on. board, and divers fhips papers which were found with her. The
 
 French
 
 claimants fay, we took her in open war,— we firmly poileffed her, — and ihe ought to be reftored to us. The reply in'behaif of the
 
 Britijh
 
 claimants is, you did not complete your capture;; you did
 
 not firmly pojftfs
 
 her; you were too weak, eonfiftent with other views you held more important, to; retain her. Is it neceffary that we ihould decide, thefe qucf-tions between them ? Shall we try the legality of the capture, and
 
 decide the frmnefs of the pojfejjion
 
 ? Will it not be to aid, to make the capture and pofffeffion firm and legal, which is faid to be incomplete ? The
 
 French
 
 claimants fay, we were under apprehenfion
 
 o(
 
 weakening our force and fo left her from ne-ceffity. The veffel had been. Britijh,— of this, there is no. queftion: did ihe by capture and firm poffeffion, according to the law of nations, become
 
 French
 
 ? Of this there is at leaft a doubt. On confidering the whole matter,
 
 I do
 
 adjudge,
 
 order, and
 
 decree,
 
 that one thirdpart
 
 of the money, arifing from the fales of the ihip
 
 Mary Ford
 
 and her cargo, be paid to the perfons who faved them, in the proportions before, mentioned. And that the duties and all other coils and charges be firil deducted from the other two third parts, and the refidue
 
 remain
 
 in Court for the ufe of the
 
 Britijh-
 
 owners, of-faid ihip and cargo, or fuch other perfons, who may derive right thereto from them, when the fame ihall be afcertained in Court. ”
 

 From the decree of the Diftiidl Judge, fo far only as it re-fpeits the
 
 Britijh
 
 owners, the
 
 French
 
 Confuí appealed, and the app'eal being argued before the Circuit Court, the following decree was there pronounced, ( Judge lowell declining however to give any opinion :)
 

 “Gushing,
 
 Jujiice.
 

 The court having fully heard the parties on the appeal in this cafe, by their counfel, it appears that the faid ihip
 
 'Mary Ford
 
 and her cargo, being the property of fome
 
 ■Britijh
 
 fubjefls, were, on or about the s8th day of September,
 
 J. D.
 
 1794, captured on the high feas, by a
 
 French
 
 fquadron of fhips, under the command of Commodore
 
 Vil
 
 Maudarine, and were taken into aétual and quiet poffeffion of faid fleet, and ib held for above twenty-four hours, and were then left on the high • feas, without any hands aboard, after fome unfuccefsful attempts, by his order, to burn, her, which was in confequence of many of the people of his fquadron being fick, and incapable of doing duty, and from an apprehenfion of weakening his force in parting with any of his people, to keep on board and to conduit the faid ihip
 
 Mary Ford.
 

 
 *194
 
 fS That the faid ihip George, met with the faid ihip
 
 Mary Ford,
 
 and brought her and her cargo into the hárbour of Bojion, as fqt forth in the libel; not with intent to aid either party^ in the war fubfifting between the
 
 French
 
 Republic and the
 
 Britijh
 
 nation, but to fave the property from abfolute lofsj or in ex-peitation of proper compenfation for the trouble.- On which cafe the operation of the law of nations appears to the court to be, that by the faid capture, the property became immediately the captor’s. The queftions about firm pofleffion, appearing to relate chiefly, if not only, to cafes of poftliminy or recapture, or to that of a neutral vendeej things which ’tis apprehended hatfe no place in this caufe; and about which the municipal laws and regulations of different countries are-very different.
 

 “ The property, then, in this cafe, becoming the captor’s immediately by conqueft, and the right of war, muft fo continue, until di veiled by recapture, or by fome legal
 
 means
 
 or a6t to that effect. And it is not conceived, that the abandoning the ihip from .the occafion flated in the evidence, could amount to a recapture,, fb far as to inveft the property in the original., owners, or prevent the captors from reclaiming.the pofleffion, when opportunity offered at any time previous to a recapture.' It is, therefore, confidered and decreed by the court, That the decree made in the Diftrift Court, as far only as It decrees, that the faid refidue of the faid two third parts of the money arifing from the fates of the faid ihip
 
 Mary Ford
 
 and her cargo, remain in court' for the ufe of the
 
 Britijh
 
 owners of the fame ihip and cargff, or fuch other perfons who may derive right thereto from them, when the fame íhould be afeertained in court, be, and hereby is, reverfed. And it is now further adjudged and decreed by this court, That the fame reii-due of the faid two-third parts of faid money, remain in court for the ufe of the
 
 French
 
 Republic, and thofe concerned in faid capture.”
 

 From this decree of the Circuit Court, the
 
 Britijh
 
 Conful appealed; but the appeal being difallowed, the proceedings were removed into the Supreme Court, by writ of error ; and the Plaintiff affigned for error the decree in favor of the
 
 French
 
 claimants,-,and alfo’the difailowance of his appeal t the defendant pleaded
 
 -'in nuilo eji
 
 .erratum, and thereupon iffue was joined.
 

 The caufe was argued on the 4th and 5th of February, 1796, by
 
 E.
 
 Tilghman, for tbe Plaintiff in error, and by
 
 Ingcrjoll Is
 
 Duponceau, for the Defendant in error. ' ,
 

 for the plaintiff in error, two points mere made ; ift. That .the,courts of the
 
 United States
 
 had no jurifdidtion in this cafe: and id. That the property, of -the
 
 Britijh
 
 oWncs of
 
 *195
 
 the
 
 Mary
 
 Ford, was not fo divelted as to give a
 
 perfeSl right
 
 to the captors.
 

 Ift. Point.
 
 The court cannot determine on the validity of the capture between the belligerent powers. In cafes-where there have been illegal outfits within the jurifdidtion of the
 
 United States
 
 ; or where their territorial neutrality and Sovereignty have been invaded; or where their municipal laws have been violated ; the judicial power of the Union will in-terpole. But the prefent, is bareiy a queltion of prize; un-connedted with any incidental or collateral circumftances, which juitifya neutral nation in taking cognizance of the cauie.
 
 Lee on Capt.
 
 77.
 

 id. Point.
 
 The property in a prize, is not fo divefted by capture, as to give the captor a
 
 full
 
 right, until the veffel is brought into a place of fafety. The
 
 Mary Ford
 
 was not in a place of fafety; there was ground to entertain a reafonable hope of recapture; and there mult be a condemnation, in a court of competent jurifdicHon, before the property is conclu-fively transferred from the original owner to the captor. Till that is done, any length of polls ilion will not, of itfelf, furnifh a tide to the prize.
 
 Grot.
 
 58a.
 
 B.
 
 3.
 
 c.
 
 6.
 
 f.
 
 3.
 
 Puff.
 
 845.
 
 b.
 
 8.
 
 c. 6.f.
 
 20. 2
 
 Hience. b.
 
 2.
 
 c. 9,f.
 
 202.
 
 p.
 
 197.
 
 Marten: L. N. b.
 
 8.
 
 c. 3.f
 
 xi.
 
 p.
 
 197.
 
 Vatt. b.
 
 3.
 
 f.
 
 196.
 
 p.
 
 57X.
 
 Lee on Capt.
 
 72. ’It is true, however, that a right of poffeilion, and an inchoate right of property, were acquired by the capture ; but the right of poifellion being abandoned, it reverted to the original proprietor.
 

 For the Defendant in error, it was anfwered: lit, That the court has jurifdidtion; 2d, That the coiirt miiit reílore theihip to the poifellion of the captor, whether the capture was legal or illegal; for they mull confider eyery capture made in a war in form as valid.
 

 Ift Point.
 
 It is remarkable that the perfon who plaims the exercife of the authority of the court, Ihould except to its ju-rifdidtion; but even by him, it is conceded, that the court may exercife a jurifdidtion on the fubjedt matter. This court has jurifdidtion, if any court of the
 
 United States
 
 can take cognizance of the controverfy ; and if this court cannot hold plea of the difpute, it will not be pretended-that any other court may. It is, then, an univerfal rule, without exception, that whoever pleads to the jurifdidtion of a court, mult ihew another competent jurifdidtion.
 
 DoSi. Plac.
 
 234. The only book read infupport of the exception,
 
 (Lee on Capt.
 
 77.) repels the Appellant’s,claim ; for it is the principle, and not the mode, of adjudication; which forms the fubjedt of the chapter referred to.
 
 Lee on-Capt.
 
 72. The original proprietor claims ; the vendee fays that he purchafed from the captor ; and the inference is
 
 *196
 
 that the Judges cannot decide upon the legality of the prize, but muft confider each belligerent party, the proprietor of what he has taken. The/general principle is belt exemplified in the j uftificatory memorial on the
 
 Silejia
 
 loan : the. court of the captor is the proper .court to decide the queftion of prize, or no prize; x
 
 Magens. p.
 
 487. 490. 496. 505. but ftill the reafon pf the law muft fhew its extent. Not only the reafon of the rule reftri&s its operation to the cafes, where the queftion can be decided by the appropriate court - of the captors;' bift the theoretical writers, as well as uniform practice, depionftrate the éxiftence of fuch a reftnition. If, like wife, the capturo be made within neutral limits, an exception to the general ruie arifes.
 
 $ Wood:
 
 443.
 
 A& of Ckngreft of
 
 June, 1794.. 'The regulations cfiabliihed by the Executive Department, and the adjudications of this court, concur in' the pofition. Another exception arifes, where neutral property of another nation, or of our own citizens, has been captured at fea; and is brought Wuhin our port'.
 
 Glnfs et al. verfits Eetfey ant'.p.~6.2'Wlod.
 
 439*
 
 Sink. j. p. 1.
 
 x.
 
 c.
 
 17. But.if the fovereign will protect his citizen from injury, he muft, aifo, compel him to do juf-tice. Now, therefore, as rio fubjeít pf a neutral State, can take from the captors the prizes which they'have made,- without violating.their fight of poffeilion;
 
 2 Wood.
 
 455.
 
 2 Burr.
 
 693 ; it follows, .tf at when fuch a cafe happens within our ju-rifdiction, the courts of the
 
 United States
 
 rriuft decide between our citizens and the foreign captors; nor can the relief tp the captors be refufed, by the interpofitiqn óf a claim on the part of the captured, as original proprietors. The order in which the claims ©f captor and captured have been filed, cannot vary thejurifdiflion of the court; for, if the captured property is brought into port by our citizens, forcibly, or charitably, the jurifdictian muft .be the fame, and the queftion of prize will be 'equally .involved,
 

 ■
 
 2 d Point.
 
 But "taking cognizance of the prefent cafe does' not lead to a deciiion of -the queftion of prize, or no prize ; for, the court muft confider the capture to be lawful. No ncu- - tral power can doubt the validity of a capture made in a public .war.
 
 'Vatt.' B.
 
 3.
 
 c.
 
 14.
 
 f.
 
 208. 1
 
 Wood.
 
 125.
 
 Vatt. B.
 
 3. f- 3> / 4°.
 
 f 19o. f
 
 209.
 
 f.
 
 212.
 
 f
 
 229.
 
 G^oi. B.
 
 3.
 
 c.
 
 6.
 
 f 2.
 
 Burkin..
 
 ch.
 
 7.
 
 f. 12.
 
 14.
 
 2 Wood.
 
 441; An inchoate right; therefore, a right to'the poflelKon, a fpecial property, is enough for the captor,. Of his poifeffion, however flight, a neutral power cannct deprive him : if,, his enemy were ftill in purfuit; if he .would have been recaptured the next moment; the neutral power cannot interfere with the pofleflion, or, interfering, muft redore it.
 
 2 Burr.
 
 696. 2
 
 Inji. of JuJi. tit.
 
 x.
 
 f.
 
 17.
 
 Dig, B.
 
 41.
 
 tit.
 
 1.
 
 law
 
 5.
 
 f
 
 7.
 
 2-Ruth.
 
 594.
 
 B. 2. c.
 
 9,
 
 *197
 

 Colleff. Jurid.
 
 134. 135. In the pYefent inftance, the interference was charitable, yet if the veil'd had.been detained after payment, or tender of a reafonable falvage, the detainer .would be deemed a trefp^ffer; and the .rule and remedy muff .be the fame, as if he’had, been ,a trefpa{ferw¿
 
 initio.
 
 If the captors had abandoned their, property, let all thé; legal confe-quencesfollow; but that ⅛ a queftion which the captors have a right to controvert with tbofe who laved 'the property : The
 
 Britijh
 
 claimants can ceartinly advance no title by
 
 finding it.
 
 The diftin&ion between perfect rights, and inchoate rights, can only occur between a re-captorand the original owner, or between a Vendee and the original owner': the authorities, that have been cited ontheoppofiteft.de, are all. of that, defeription.
 
 Martin.
 
 291.
 
 Emerig.
 
 49 4.
 
 Grot.
 
 582.
 
 Puff.
 
 845. 2
 
 Heinec.
 
 197. 199;, and the fubject is fo explained by the lateft
 
 Englijh
 
 writers. 2
 
 Wood.
 
 455.6. The diftinction, indeed, arifes entirely out of the
 
 jus pojlliminium
 
 ; • and the very definition of that right ihews its inapplicability to the prefent cafe. “ The-right of
 
 pefliminium
 
 (fays
 
 Vatt. B.
 
 3.
 
 c.
 
 14.
 
 f.
 
 204.) is that in virtue of which perfons and things taken by the enemy, - are reftored to their former ftate, whén coming again under the power o.f the nation to" which they belonged': but it can have no operation with regard to foreign or neutral nations.” 2
 
 Wood.
 
 443.
 
 Valí. B.
 
 3.
 
 c.
 
 14.
 
 f
 
 208. Then, wherever a court talgss cognizance of any original matter, it naturally draws to -its jurifdiction, every incidental, or neeeifary,queftion,
 
 3.Bl. Com.
 
 106, 107, 108- -Though where the Admiralty, or, as we contend, any foreign couit, had not original jurifdiction, it ihall, not by the incidental occurrence-.of a queftion properly cognizable there, defeat the jurifdictton of the common law, or. as v/e contend, the neutral court. It has been laid, that in cafes of prize between two other nations, the court of prize has ju-rifdiction; 3
 
 Bl. Com.
 
 108.
 
 where'2'Shosv.
 
 232
 
 Comb-.
 
 474. are cited; but the citation vs incorrect; for tile authority meyely recognizes the general principle, that wjiefe the-admiralty .has juriluiction «f the original matter, it may, incidentally, try a ■ queftion, nototherwife triable there.
 
 Comb.
 
 462. and the cafe in
 
 Show.22,2.
 
 is the celebrated cafe of
 
 -Hughes &
 
 Cornelius, which merely’ fays, that a foreign fcntence is concluí!ve.
 
 Raym.-
 
 473’ i?,
 
 C. Shiodinconvenieris.cf non licituni efffií
 
 a good maxim applied to
 
 nezv,
 
 undecided, points.'
 
 Doug.
 
 .388. Where, the queftion of prize comes in collaterally, even a common law. court'máy decide it, not operating -as a fentence to bind the property of the goods. .2
 
 Wood.
 
 453. 454. 10.
 
 Mood.
 
 77’.
 
 ■'i jitra.
 
 1250. 2
 
 .Burr.
 
 683. 1198. 1734.-for, it is efiential to tire court'that it may examine the queilion as far as is neeeifary for their purpofe, though generally confi.dered, the queftion may. be re-
 
 *198
 
 ferved for exclufivejurifdictions. Doug. 588. P.
 
 Bullir. Harg. L~ T.
 
 452. x
 
 Lev. pi.
 
 2.
 
 Roll’. Abr.
 
 584. 21.
 
 Vin. Abr.
 
 43. .But; after all,- the queftion of abandonment, is the only proper Tubject of controverfy; and, if a right of'pofleffion ever attached, the abandonment of the prize can have no other effect,. t£tan if the captors had fet fire to one of their own ihips and abandoned her. The abandonment, if not done by choice, but from neeeffity, leaves the right unimpaired; and the veffel beirig brought into port by-a friend, ought to be reftored, on paying a reafonable falvage.
 
 Lee on Capt.
 
 256. 257.
 
 Molloy
 
 82.. for, it will not interfere with the jurifdiction of any
 
 foreign
 
 court, as to the queftion of prize, that our courts fhould, in this cafe, affert a jurifdiction to make reftitution to the captor.
 

 By the Court:—We are unanimoufly of opinion, that the Diftrict Court bad jurifdiéfion upon the fubject of falvage; and that, confequently, they muft have a power of determining, to whom the refidue of the property ought to be delivered.
 

 In determining the queftion of property, we think, that immediately on the capture, the captors acquired fuch a right, as no neutral nation could juftly impugn or deftroy ; and, confe-quently, we cannot fay, that the abandonment of the
 
 Metry Ford,
 
 under the. circumftances of this cafe, revived and reftor-ed the intereft of the original
 
 Britijh
 
 proprietors.
 

 ■ Some doubts have been entertained by the court, whether on the principles of an abandonment by the
 
 French
 
 poffeffors, the whole property ought not to have been decreed to the
 
 American
 
 Libellants, or, at leaft,- a greater portion of it by way of falvage; but as they have not appealed from the decifion of the.inferior court, we cannot now take notice of their intereft in the caufe.
 

 Upon the whole, let the decree be affirmed.