Greathouse *et al. v.* Smith.

---

JOHN S. GREATHOUSE *et al.*, appellants, *v.* DAVID A. SMITH, appellee.

*Appeal from Macoupin.*

No rule of law is better settled, than the one, that an action of debt is maintainable on a judgment of a court of record. Between the parties, the judgment is the most conclusive evidence of indebtedness.

A judgment creditor may sustain an action of debt on a judgment recovered in the same court where the suit is brought, although, at the time of bringing the suit, he is entitled to an execution upon the judgment.

THIS cause was heard in the Court below, at the September term, 1842, before the Hon. Samuel D. Lockwood. Judgment was rendered for the plaintiff, upon demurrer, for $856.31 debt, and $5.16 damages. The defendants appealed to this Court.

M. McConnel and M. Brayman, for the appellants.

A. Lincoln, for the appellee.

TREAT, Justice, delivered the opinion of the Court: (1)

Smith brought an action of *debt* against Greathouse and Chesnut to the September term, 1842, of the Macoupin Circuit Court. The declaration counts on the record of a judgment recovered in the same Court, at the September term, 1841, by Smith against Greathouse & Chesnut for $852.02. The defendants demurred to the declaration, and assigned as special causes of demurrer; first, that a judgment had been recovered in the same Court, for the same debt, and which was in full force and ready to be executed; secondly, that the suit was unnecessary and vexatious, and instituted to avoid the effect of the law, regulating the sale of property, passed on the 27th February, 1841.

The Court overruled the demurrer, and rendered judgment against the defendants, for the amount due on the judgment. They bring an appeal, and assign this decision of the Court as error.

No rule of law is better settled, than the one, that an action of debt is maintainable on a judgment of a court of record. The judgment is a good cause of action, it being as between the parties, the most conclusive evidence of indebtedness. We know of no principle which inhibits the creditor, on a judgment which is in force and unsatisfied, from recovering in an action brought on it, although he may, at the time of bringing the suit, be entitled to an execution on his judgment. He is at liberty to proceed by execution to collect the judgment, or institute a new action on it. Notwithstanding the second suit may be unnecessary, he has the clear legal right to recover, and the courts have no power to prevent him, or impose terms on him for so doing. The legislature might with propriety interpose and provide, that where a judgment creditor brings a second suit unnecessarily, he shall pay the costs incurred by it. The other objection did not arise on the demurrer. Whether the object of the suit was to take the judgment out of the operation of the valuation law, does not appear; and if such was the object, it would constitute no bar to a recovery. The question whether the rights of the parties under the valuation law, would be changed by the second recovery, could not properly arise, until the plaintiff attempted to collect the judgment, without reference to the provisions of the law. For this reason, the Circuit Court was not called upon to decide this question, nor is this Court.

The judgment is affirmed with costs.

*Judgment affirmed.*

(1) WILSON, Chief Justice, did not sit in this cause, and gave no opinion.