JOHN P. HUMMER, *et al.*, v. A. H. LAMPHEAR.

1. DOMESTIC JUDGMENT—*Action Thereon.* An action can be maintained on a domestic judgment in this state, although it is in full force and effect and the time within which an execution can issue has not expired.

2. ———— The case of *Burnes v. Simpson*, 9 Kas. 658, referred to, and followed.

*Error from Jackson District Court.*

AT the March Term, 1884, plaintiff *Lamphear* recovered a judgment for $546.17, with interest and costs, against defendants *Hummer* and wife, who bring the case to this court. The opinion states the nature of the action, and the material facts.

*Hudson & Tufts,* for plaintiffs in error.

*Martin & Orr,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: On June 17, 1876, the Perpetual Building and Saving Association recovered in the district court of Atchison county a judgment against John P. and Matilda W. Hummer for the sum of $321.08, bearing interest at nine per cent. per annum. June 6, 1881, an execution was issued upon this judgment, which was returned wholly unsatisfied as to the Building and Saving Association. On September 13, 1882, the judgment was assigned and transferred to A. H. Lamphear, who is now the owner thereof. On September 28, 1882, an *alias* execution was issued upon the judgment, directed to the sheriff of Jackson county, Kansas, and this execution was also returned unsatisfied. On November 24, 1883, A. H. Lamphear brought his action in the district court of Jackson county against John P. and Matilda W. Hummer, upon the judgment in favor of the Building and Saving Association of June 17, 1876, and alleged in his petition that the judgment was in full force and effect; that John P. and Matilda W. Hummer had no personal property within the state of Kansas subject to execution, nor the legal title to any lands or real estate in said state, subject to execution; that Matilda W. Hummer was the owner of an equitable interest in a quarter-section of land lying in Jackson county, state of Kansas, the legal title to which was in the state of Kansas, to secure the sum of $676.30 with interest from June 17, 1882, at ten per cent. per annum; that upon the payment of this amount and interest, the state was ready and willing to give a deed or patent conveying the land and the legal title thereto. The prayer of the petition was, that judgment should be rendered against John P. and Matilda W. Hummer for the sum of $331.08 with interest at nine per cent. per annum, and costs of suit; that the sheriff of Jackson county be appointed a receiver to ascertain the interest of Matilda W.

Hummer in the land described in the petition; that he take possession of the same and hold it with the rents and profits arising therefrom, subject to the order of the court; and for other and further relief as the court might deem meet and proper.

The defendants, John P. and Matilda W. Hummer, demurred to the petition, upon the grounds—*First*, That the court had no jurisdiction of the persons of the defendants, or of the subject of the action; *second*, that the petition did not state facts sufficient to constitute a cause of action against the defendants, or either of them. The court overruled the demurrer, and rendered judgment against the defendants for $546.17, with interest and costs; adjudged the same to be a first and prior lien on whatever interest the defendants or either of them had in the real estate described in the petition, and decreed that if the defendants failed or refused to pay the judgment within a day named, an order of sale issue to sell the property to satisfy the same. To the rulings and judgment of the court the defendants excepted.

It is their contention at this time, that the petition does not state facts sufficient to constitute a cause of action, because upon its face it appears that the judgment sued on was, at the commencement of this suit, in full force and effect, and that execution might have issued thereon, and the equitable interest of Matilda W. Hummer in the real estate in Jackson county taken by execution. (Code, §§ 419, 443; Comp. Laws of 1879, ch. 104, § 1, subdiv. 8.) To support this, it is insisted that at common law an action could not be maintained upon a judgment until the time within which an execution might issue had elapsed. (*Pitzer v. Russell*, 4 Oregon, 124; *Lee v. Giles*, 1 Bailey, 449 — 21 Am. Dec. 476; 3 Bl. Com., Wendell's ed., 160.)

Counsel say, in their brief:

"There are *dicta* in several decisions which would seem to take a contrary view, but we have been unable to find a case where the question was squarely raised, and the decision was that such an action could be maintained at common law until the judgment became dormant or the execution would prove ineffectual. . . . *Burnes v. Simpson*, 9 Kas., decides that

an execution can be maintained on a domestic judgment in this state, which is true; but whether it can be maintained when an execution can issue thereon was not raised in that case, and consequently not examined. We claim that that case does not decide the question now raised."

The decision in *Burnes v. Simpson*, supra, goes farther than counsel are willing to concede. In that case the judgment was rendered June 4, 1859, for $3,054 and costs; executions were issued as follows: September 28, 1859; November 28, 1859; January 27, 1860; August 15, 1864; May 2, 1869. All of these were returned unsatisfied. The action on the judgment was commenced June 2, 1869. Under the law in force at the rendition of the judgment of June 4, 1859, judgments of the district courts were liens for five years on lands and as long thereafter as the judgment should be kept alive by the issue of executions in proper time. (Comp. Laws of 1862, Civil Code, §§ 433, 434.) The judgment of *Burnes v. Simpson* of June 4, 1859, was in full force and unsatisfied when the action of June 2, 1869, was instituted, as it had been kept alive by the issuance of executions in accordance with the provisions of the statute. Therefore the decision in *Burnes v. Simpson* upon the record in that case decides in effect that an action can be maintained upon a judgment in this state, although the judgment is in full force, and the time within which an execution can be issued has not expired. As counsel have been unable "to find a case where the question was squarely raised and it was decided that such an action could be maintained at common law until the judgment became dormant or the execution would prove ineffectual," we refer to the following authorities:

"Debt lies upon a judgment within or after the year after the recovery." (Wheaton's Selw. 600.)

"By common law, an action could be maintained within a year and a day on a domestic judgment, that being the life of a judgment without issuance of execution." (3 Comyn's Digest, 1792, *Debt*, A 2, 43 Edw. III, 3, 2*b*.)

In *Ames v. Hoy*, 12 Cal. 11, it was insisted by counsel "that as an execution could have been issued on the judgment, no

action could be sustained thereon; or, in other words, that an action of debt will not lie on a judgment if an execution can be issued thereon." Upon this point, the court—Baldwin, J., delivering the opinion—said:

"The chief argument is that there is no necessity for a right of action on a judgment, inasmuch as execution can be issued to enforce the judgment already obtained, and no better or higher right or advantage is given to the subsequent judgment. But this is not true; in fact, as in many cases it may be of advantage to obtain another judgment in order to save or prolong the lien, and in this case the advantage of having record evidence of the judgment is sufficiently perceptible, the argument that the defendant may be vexed by repeated judgments on the same cause or action, is answered by the suggestion that an effectual remedy to the party against this annoyance is the payment of the debt."

In *Greathouse v. Smith*, 4 Ill. (3 Scam.) 541, Treat, J., in delivering the opinion of the court, said:

"No rule of law is better settled than the one that an action of debt is maintainable on a judgment of a court of record. The judgment is a good cause of action, it being, as between the parties, the most conclusive evidence of indebtedness. We know of no principle which inhibits the creditor, on a judgment which is in force and unsatisfied, from recovering in an action brought on it, although he may, at the time of bringing the suit, be entitled to an execution on his judgment. He is at liberty to proceed by execution to collect the judgment, or institute a new action on it. Notwithstanding the second suit may be unnecessary, he has the clear legal right to recover, and the courts have no power to prevent him, or impose terms on him for so doing."

In that case, Abraham Lincoln, afterward president, appeared as one of the counsel.

In *Davidson v. Nebaker*, 21 Ind. 334, it was decided that—

"A judgment is a debt of record, and an action will lie to recover it, whether the judgment is foreign or domestic, notwithstanding the plaintiff may have a remedy on the judgment in the court where it was rendered, by execution or otherwise."

In *Hale v. Angel*, 20 Johns. 342, it was held:

"Where an execution, issued on a judgment in justice's court,

is not returned at all by the constable, the common-law right of the party remains unimpaired, and he may bring an action of debt on the judgment."

In the opinion it was said:

" There are no negative words that a party shall not sue on a judgment until the execution has been returned. The common-law right of bringing an action of debt *as soon as a judgment is recovered* remains unimpaired. The statute does not give the action of debt, but is merely explanatory of the common-law right."

In *Smith v. Mumford*, 9 Cow. 26, the case of *Hale v. Angel*, supra, was referred to, and followed.

In *Linton v. Hurley*, 114 Mass. 76, it was held:

"An action may be maintained upon a judgment although an execution issued thereupon has not been returned."

And in *O'Neill v. Kittredge*, 85 Mass. (3 Allen) 470, it was decided that—

"A declaration setting forth the recovery by the plaintiff against the defendant of a judgment for a certain sum as damages, and another certain sum as costs, which judgment remains in full force and unsatisfied, whereby an action hath accrued to the plaintiff to have and recover of the defendant the balance due thereon and interest, is sufficient on demurrer."

Freeman, in his work on Judgments, 3d ed., § 432, says:

"At common law, a party has a right of action upon his judgment as soon as it is recovered. This right is neither barred nor suspended by the issuing of an execution; nor because from having the right to take out execution, the plaintiff's action seems to be unnecessary."

Many other cases might be cited supporting the same doctrine, but we think for present purposes the above are sufficient. If the question were a new one in this state, the writer of this would prefer to follow *Lee v. Giles*, 1 Bailey, 449, and *Pitzer v. Russell*, 4 Oregon, 124; but the case of *Burnes v. Simpson* is decisive. That decision was rendered in 1872, and it is for the legislature to interpose and provide that such oppressive and vexatious actions shall not be brought, if the rule

of the common law as interpreted in *Burnes v. Simpson*, supra, is to be changed.

Finally, it is urged that the judgment rendered was improper, first, because the state had certain rights which the court was bound to consider; and second, because the language of the petition did not warrant the judgment. The petition alleged that the only claim the state had upon the property was to secure the payment of $676.80 with interest, and that there was no controversy between the state and Matilda W. Hummer as to the lien of the state. The judgment in no way affected the state, and any person desiring to bid at the sale of the real estate can readily ascertain the state's interest therein. The purchaser at the sale must buy subject to the lien of the state.

In regard to the other matter, it appears that an attachment had been issued, and after the rendition of the judgment an order for the sale of the attached property was properly made. (Code, § 222.) If, however, there was any variance between the prayer of the petition and the judgment rendered, the petition could have been amended, and the judgment will not be reversed on account of such variance. (*Railroad Co. v. Caldwell*, 8 Kas. 244; *Mitchell v. Milhoan*, 11 id. 630.)

The ruling and judgment of the district court will be affirmed.

All the Justices concurring.