WALKER *v.* STURBANS. SAME *v.* CRONKITE. SAME *v.* HAYCOCK.

*(Circuit Court, D. Kansas. April 1, 1889.)*

JUDGMENT—COLLATERAL ATTACK—EXECUTION—SALE.

    Judgments were recovered against one seised of land in another county, and certified copies were filed in the clerk's office of the county in which the land was situated, according to the provisions of Code Proc. Kan. § 419. On some of the judgments executions were issued from the court in which they were rendered, when plaintiff, alleging his judgment to be prior to the others, brought a suit in equity against the judgment debtor and the other holders of judgments to determine the priorities among them, praying also that the sheriff be directed to sell the land, and for general relief. *Held*, that a decree adjusting the priorities of the several liens, and directing an execution to issue

for the sale of the land, whether erroneous or not. was not void, though the section mentioned, after providing for the filing of transcripts of judgments in other counties than that of their recovery, prescribes that executions shall only issue from the courts in which they are rendered, the question of the propriety of such a judgment in that form of action being one of practice, and not one of power.

At Law.

Actions for the recovery of real estate, brought by T. H. Walker against M. Sturbans, Frank Cronkite, and James Haycock, respectively. Demurrers to the answers of defendants were filed, and were heard together.

*J. A. Smith* and *Johnson, Martin & Keeler*, for plaintiff.

*J. R. McClure* and *C. N. Sterry*, for defendant Sturbans.

*Kellogg & Sedgwick*, for defendants Cronkite and Haycock.

FOSTER, J. These are ejectment suits. The plaintiff alleges that he is the owner of certain lands in Lyon county, Kan., and that the defendants unlawfully keep him out of the possession of the same. The defendants claim title to the land under and by virtue of a sheriff's sale made under a judgment of the district court of Lyon county, a court of general jurisdiction, recovered in September, 1875, in which A. S. Kimball was plaintiff and T. H. Walker and others were defendants, at which sale said Kimball became the purchaser, and received the sheriff's deed in July, 1877, and subsequently Kimball sold the lands to the several defendants. The plaintiff claims that the judgment of the district court of Lyon county, under which the land was sold, is null and void; that the court had no power or jurisdiction to render the judgment; and especially was said court without jurisdiction to order a sale of said land under said judgment. The facts preceding the rendition of said judgment are briefly as follows: Said A. S. Kimball, in 1872, recovered a judgment against T. H. Walker in the district court of Davis county, Kan., for $8,617.70. In July, 1873, Kimball caused a certified copy of his judgment to be filed in the office of the clerk of the district court of Lyon county, as provided by section 419 of the Code of Procedure. In November following, Kimball caused an execution to be issued out of the clerk's office of Davis county on said judgment, directed to the sheriff of Lyon county, which execution was by said sheriff levied on the land in controversy as the property of T. H. Walker, and said sheriff had the land duly appraised, etc. In September, 1874, said judgment creditor caused an *alias* execution to be issued from Davis county to the sheriff of Lyon county, who levied the same on said lands, and had the same duly appraised. During the years 1873 and 1874 a great number of other parties recovered judgments against said Walker, in different counties of this state, and also caused certified copies of the same to be filed in the clerk's office of the district court of Lyon county. There were over 20 of these judgment creditors. Some of them had made levies on the land, and were about to proceed to sell the same. Under this state of affairs, Kimball, who claimed that his judgment was a first lien on the land, commenced a suit in equity in the district court of Lyon county to have the

priority of the said several judgment liens determined and settled. In that suit he made T. H. Walker and the sheriff of Lyon county and all the judgment lienholders parties defendant. In addition to his prayer for the determination of the priority of the several liens, he prayed that the sheriff of Lyon county be directed to sell said real estate, if the same shall not have been sold, and, if sold, that he hold the proceeds subject to the further order of the court, and for such other and further relief, etc. Service of process was had in said suit on T. H. Walker and the other defendants. Walker made no appearance, and the several judgment creditors filed answers setting up their respective judgment liens. In September, 1875, said cause came on for hearing, and the court, after hearing the evidence, made a finding of facts and conclusion of law, and entered a judgment thereon. Among other facts, the court found that on the 7th day of September, 1874, Thaddeus H. Walker was the owner in fee of said lands; and that in November, 1872, A. S. Kimball recovered his judgment in Davis county for $8,600 and costs, and filed a certified copy thereof in Lyon county, as before stated, in July, 1873, and had caused execution to issue and to be levied on said land, etc., as before stated; and that, including interest and costs, there was then due said Kimball on his judgment $12,280.69; and that the same was the first and prior lien on said real estate. The court then proceeded to determine the amount due each creditor, and determine the *status* of each lien. The court further ordered that the said real estate be appraised and sold according to law, and that the proceeds arising from the sale thereof be applied as follows: (Then follows the several judgments according to their priority.) It was on this judgment that the execution was issued to the sheriff of Lyon county, and on which he sold the land to A. S. Kimball, who sold to the several defendants. The question to be decided is whether this judgment or the execution issued thereon is void, and of no legal effect.

The plaintiff insists that, even if the court in Lyon county had authority to adjust and settle the priority of the several liens, it could go no further, and was without power or authority to issue an order of sale of the property; that the execution should have issued on the original judgment from the clerk's office of the county where it was obtained. See section 419, Code Proc. Of course, in a collateral proceeding, the judgment and proceedings thereunder can only be attacked where they are absolute nullities. This court cannot be called on to decide whether the state court, if it had jurisdiction of the parties and subject-matter, exceeded its proper functions or not. This court has no power to sit as a court of review on the proceedings of the state court. It can only determine whether that court acted with or without jurisdiction. The court having jurisdiction of the subject-matter of the action and of the parties, and having rendered judgment thereon, it cannot be treated as a nullity. It makes a record valid upon its face, and all else is form only. *Maxwell* v. *Stewart*, 22 Wall. 79; *Shriver* v. *Lynn*, 2 How. 58; *Voorhees* v. *Bank*, 10 Pet. 449; *Thompson* v. *Tolmie*, 2 Pet. 157; *Ludlow* v. *Ramsey*, 11 Wall. 587; *Harvey* v. *Tyler*, 2 Wall. 342. For a full dis-

cussion as to what constitutes jurisdiction, see Mr. Justice MILLER's opinion in *Cooper* v. *Reynolds*, 10 Wall. 315. It must not be understood however, that the court, having jurisdiction of the subject-matter and the parties, may not go so far outside its authority as to render its proceeding void. *Ex parte Lange*, 18 Wall. 163. If a judgment for a sale of the real estate by the Lyon county district court was in conflict with positive law, or the plain provisions of the statutes of Kansas, it may well be declared a nullity. If, however, it involves merely a question of practice, or a question whether there was a plain and adequate remedy at law, or any other question involving the exercise of the judicial or discretionary power of the court, however erroneous may have been the conclusions and judgment, it cannot, in a collateral proceeding, be treated as a nullity. · When we look into the Kansas statutes we find but little light on this particular point. It is plain that the suit to· determine and adjust the judgment liens was properly brought in Lyon county. Section 46, Code.

In section 419 of the Code, which fixes the date from which judgments shall be a lien on real estate, and provides for filing transcripts of judgments in other counties, the last line of the section provides that executions shall issue only from the court in which the judgment is rendered. It is likely this provision was only intended to refer to those judgments where a copy was filed in another county, for such a declaration would have been unnecessary for judgments in general, for every court is presumed to execute its own judgments. If, however, a broader construction is given it, it would be an argument in favor of the validity of the order of sale of the Lyon county judgment. If the suit to determine the liens had been in this court, or in any court where actions at law and suits in equity are recognized as separate and distinct proceedings, there would be very serious doubts whether the court of equity could or would do more than remove the obstacles to a sale under the judgment at law; and yet, if it should appear to the court that complications might arise · in distributing the proceeds ˙under the decree, by relegating the parties to their executions at law, or that their remedy in that behalf was not plain, adequate, and complete, I know of·no good reason why the court of equity may not order· a sale and distribute the proceeds in accordance with its decree. The court will retain jurisdiction for all purposes within the general scope of the equities to be enforced. *The Mary Ford*, 3 Dall. 188; *Ober* v. *Gallagher*, 93 U. S. 199; *Ward* v. *Todd*, 103 U. S. 327. The Kansas Code, § 10, provides ʌs follows: "The distinction betweer actions at law and suits in equity, and the forms of all such actions and suits, heretofore existing, are abolished, and in their place there shall be, hereafter, but one form of ʌction, which shall be called a ' civil action.'" Under the Code the manner of proceeding is the same, whether the cause of action would be called "equity" or "law." The distinction between decrees in equity and judgments at law are unknown. In all cases the plaintiff prays for judgment, and, whether the action is on a note alone, or on a note and mortgage or a mechanic's lien, he takes a judgment according to his legal and equitable rights, and on that judg-

ment he takes execution accordingly. And further, the supreme court of Kansas has decided that a judgment creditor may at any time make his judgment the basis of a new action against the debtor, and obtain another judgment thereon. *Burnes* v. *Simpson*, 9 Kan. 659; *Hummer* v. *Lamphear*, 32 Kan. 439, 4 Pac. Rep. 865. It will be seen that the Code and the practice under it makes it still more difficult for this court to determine whether the Lyon county court exceeded its jurisdiction. At most, it seems to me to be a question of practice and not power. I find no positive law or statute limiting or defining the jurisdiction of the court in such cases, and, as all presumptions are in favor of the court having jurisdiction of the subject-matter and the parties, this court can find no justification for declaring the judgment in question a nullity. The demurrer to defendants' answers must be overruled.