## MINTER vs GREEN.

Opinion delivered January 12, 1899.

1. *Foreign Judgment—Action Upon—Lack of Jurisdiction a Defense.*

In an action in this Territory, upon a foreign judgment, an answer alleging the foreign judgment to be void because of lack of jurisdiction of the person of the defendant, states a good defense to the action and is not demurrable.

2. *Pleading—Answer—Sufficiency.*

An answer alleging want of jurisdiction of the person of the defendant in a foreign court, on whose judgment an action is brought in this Territory, sufficiently negatives the jurisdiction by pleading that "said court was without jurisdiction over the person of the defendant because he was not personally served with notice in said cause nor did he enter an appearance personally or by attorney or otherwise."

Appeal from the United States court for the Northern district.

WILLIAM M. SPRINGER, Judge.

Action by A. A. Green, Jr., against M. L. Minter. Judgment for plaintiff. Defendant appeals. Reversed.

This was a suit upon a judgment rendered in Texas by a justice of the peace on April 5, 1894, for $166.50. The complaint filed in this case in the United States court in the Indian Territory alleges that the judgment was rendered in precinct No. 1, in the county of Tarrant, in the state of Texas, before a justice who had jurisdiction of the amount involved; that the suit was begun before said justice on the 4th day of October, 1892, and a summons issued by said justice on that day, which summons was duly and personally served on the defendant, and on the 5th day of April, 1894, judgment was rendered by said justice. The transcript of the judgment filed with the complaint, among other things, recited "that on the hearing of said cause the plaintiff appeared by attorney, and the defendant, although duly and legally served with citation, came not, but wholly made default." To the complaint in this cause defendant answered, among other things, as follows: "Defendant further says that if any such suit as is alleged in plaintiff's complaint was ever instituted in justice's court precinct No. 1, in Tarrant county, Texas, said court was without jurisdiction over the person of defendant, because he was not personally served with summons in said cause, nor did he enter an appearance personally or by attorney or otherwise." To this answer plaintiff filed a general demurrer, which was sustained by the court, and, defendant refusing to plead further, the plaintiff took judgment, to which rulings defendant excepted and prayed an appeal, which was granted.

*Fears & Bailey*, for appellant.

*William T. Hutchings* and *Preston C. West*, for appellee.

CLAYTON, J. The only assignment of error is that

"the court erred in sustaining the demurrer to appellant's answer, and rendering judgment for appellee." It is now the settled law that a personal judgment must be supported by personal service or an appearance. Pennoyer vs Neff, 95 U. S. 714; Cooper vs Reynolds, 10 Wall. 308; Webster vs Reid, 11 How. 437; Black, Judgm. § 220; Settlemier vs Sullivan, 97 U. S. 444. Otherwise it is void; and, if void, it cannot be made the foundation of another suit, and a recital in a judgment that there was a personal service is not conclusive of that fact; at best, it is only prima facie. The answer alleges that the court of the justice of the peace in Texas "was without jurisdiction of the person of the defendant, because he was not personally served with summons in said cause, nor did he enter an appearance personally or by attorney or otherwise." The demurrer admits these facts to be true; and, therefore, that court being without jurisdiction of the person of the defendant, its judgment was a nullity. And this nullity, if the expression may be allowed, is the foundation of the judgment in this case entered in the court below. Counsel for appellee, however, contend that, notwithstanding the fact that the original judgments were wholly without jurisdiction, yet the defendant must go further, and set up in his answer some meritorious defense to the original cause of action, something to show the court that if given an opportunity to try the case on its merits a different result may be reached. When an action at law is brought directly to set aside a judgment under section 3909, Mans. Dig., the petition must show that there is a valid defense to the action in which the judgment is rendered; or, if the plaintiff seeks its vacation, that there is a valid cause of action. This is required, however, by the express terms of section 3912, Mansf. Dig. The same rule prevails in equity when a suit is brought directly to set aside a void judgment, or one procured by fraud. 1 Black, Judgm. § 376; Boyd vs Roane, 49 Ark. 397, 5 S. W. 704; State vs Hill, 50 Ark. 459,

8 S. W. 401. But there is a vast difference between setting aside a void judgment or one procured by fraud and making such a judgment the basis of another suit. In the first instance, the complainant is praying to have a solemn judgment rendered against him set aside. In such a case the courts say to him, unless you can show that you have a meritorious defense or cause of action as the case may be, you are without equity, and we will not go through the idle ceremony of setting aside a judgment when the result of another trial on its merits would not be different. In the second instance, the defendant is defending against the effect of a void and fraudulent judgment. He is not asking for a new trial; he is asking for no affirmative relief; and therefore the court can impose no conditions. He simply stands upon the fact that the instrument sued on is a nullity, and therefore cannot form the foundation upon which a judgment can rest. When suits are brought to set aside void judgments, the party must show that he has a good defense to the original action. But when suits are brought to enforce void and fraudulent judgments, no such conditions are imposed. The arm of the court is arrested the moment it is shown that the instrument sued on is void, whether that instrument be a promissory note, a deed or a judgment. The learned counsel for appellee further contend that the answer does not sufficiently allege the want of service, and invoke the following rule: "In defending against a suit on a foreign judgment on the ground of want of service, or want of jurisdiction, the defendant must explicitly negative every fact or circumstance from which the jurisdiction of the court over his person might be inferred." The language of the answer on this point is: "The defendant further says that if any such suit as is alleged in plaintiff's complaint was ever instituted in justice's precinct No. 1, in Tarrant county, Texas, said court was without jurisdiction over the person of the defendant, because he was not personally served with no-

tice in said cause, nor did he enter an appearance personally or by attorney or otherwise." We think that the answer sufficiently sets out the fact that in the Texas suit the de- fendant was not personally served with summons, and that he did not enter his appearance, nor was it done for him by any person authorized to do so. But, be that as it may, un- der our statute. this objection cannot be taken by demurrer, but is subject to correction only upon a motion to make it more certain and specific. Ball vs Fulton Co., 31 Ark. 379; Bushey vs Reynolds, Id. 657. No motion of this kind was made in the court below, and therefore the question as to its sufficiency is not properly before us. For the reasons above set forth, we find that the court below erred in sustaining the plaintiff's demurrer to the answer. Therefore, let the judgment be reversed and remanded.

TOWNSEND, J. concurs.