## DAVIS v. FOLEY.

No. 6412—Opinion Filed July 25, 1916.
(159 Pac. 646.)

**1. Judgment—Action on Judgment—Right of Action.**

An action may be maintained upon a judgment, although the judgment creditor has the right to issue an execution thereon.

**2. Limitation of Actions—Action on Judgment—Limitations.**

An action may be brought in the courts of this state upon a judgment obtained in the United States court for the Indian Territory, at any time within 10 years after the rendition of such judgment; the proper statute of limitations applicable thereto being section 4487, Mansfield's Digest of the Laws of Arkansas, in force in the Indian Territory at the time the judgment was rendered.

(Syllabus by Burford, C.)

Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by C. E. Foley against Samuel C. Davis. Judgment for plaintiff, and defendant appeals. Affirmed.

Biddison & Campbell, for plaintiff in error. Gray Carroll, H. D. Mason, and Horace Speed, for defendant in error.

Opinion by BURFORD, C. On September 9, 1901, C. E. Foley obtained judgment against Samuel C. Davis in the United States District Court for the Northern District of the Indian Territory, sitting at Muskogee, Okla. On June 13, 1911, Foley commenced an action against Davis on said judgment in the district court of Tulsa county, Okla. The defendant demurred to the petition, which was overruled, and then pleaded the statute of limitation. The cause was submitted to the court upon the pleadings and judgment given for plaintiff, from which judgment defendant appeals.

But two questions are raised upon the appeal: First. Could the plaintiff maintain an action on his judgment during the time that he had the right to issue an execution thereon? Second. Was the statute of limitation of Oklahoma, extended in force at statehood over the whole state, comprising in part what was originally Indian Territory, a bar to plaintiff's cause of action, or is the same governed by that portion of Mansfield's Digest of the Laws of Arkansas in force in the Indian Territory at the time the judgment was recovered?

Upon the first proposition we have no doubt of the plaintiff's right to maintain the action. Although the question has apparently not been directly passed upon in this state, actions upon judgments have been upheld in this court (Reaves v. Turner, 20 Okla. 492,

94 Pac. 543; Chitty v. Gillett, 46 Okla. 724, 148 Pac. 1048, L. R. A. 1916A, 1181), and in the courts of the Indian Territory (Minter v. Green, 3 Ind. T. 761, 49 S. W. 48). The exact question raised has been passed upon against the contention of plaintiff in error by the Circuit Court of Appeals of the Eighth Circuit in Town of Fletcher v. Hickman, 165 Fed. 403, 91 C. C. A. 353, and again in the same case reported in Hickman v. Fletcher, 195 Fed. 907, 115 C. C. A. 595. So the question was decided in the same way, at least inferentially, in Gaines v. Miller, 111 U. S. 395, 4 Sup. Ct. 426, 28 L. Ed. 466, and has been directly passed upon in many of the states. See Hummer v. Lamphear, 32 Kan. 439, 4 Pac. 865, 49 Am. Rep. 491; Ames v. Hoy, 12 Cal. 11; Field v. Sims, 96 Ala. 540, 11 South. 763; Davidson v. Nebaker, 21 Ind. 334, 83 Am. Dec. 350; Simpson v. Cochran, 23 Iowa, 81, 92 Am. Dec. 410; Greathouse v. Smith, 4 Ill. (3 Scam.) 541; Clark v. Goodwin, 14 Mass. 237; Sheehan Co. v. Sims, 28 Mo. App. 64; Kelly v. Hamblen, 98 Va. 383, 36 S. E. 491; Mandlebaum v. Gregovich, 24 Nev. 154, 50 Pac. 849; Hickman v. Macon County (C. C.) 42 Fed. 759; Denton v. Baker, 79 Fed. 189-194, 24 C. C. A. 476. Many other authorities are collected in 2 Black on Judgments, sec. 958, and 2 Freeman on Judgments, sec. 432.

A few of the states of the Union hold to the other doctrine, but the great weight of authority, both at common law and under various statutes, is in favor of the right of action. Upon principle it would seem that the right to sue upon a judgment ought to be maintained. The judgment is an evidence of indebtedness which the plaintiff ought to be allowed to enforce in any lawful way possible. The remedy by execution is but one way of enforcing it; that remedy may be inadequate. It is not to be assumed that the plaintiff will continue to renew his judgment by suit upon it where the remedy by execution would be to afford him full relief. If he does use this right for the purpose of harassing the judgment debtor such party may relieve himself of his embarrassment by paying the debt which the judgment of the court has said was just and due to the plaintiff.

The second proposition, as to the application of the statute of limitation, is clearly determined by Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636, recently decided upon rehearing. In that case it was said:

"Where a promissory note, executed and payable in the Indian Territory, was subjected to the running of the statute of limitation as contained in section 4483, Mansfield's Digest, Statutes of Arkansas, for a period of time prior to the erection of the

state, an action was instituted thereon after the admission of the state into the Union in the courts of this state. Held that the cause of action on said note was governed, as to the length of time necessary to constitute a bar thereto, by section 4483, Mansfield's Digest, and not by the laws of Oklahoma Territory extended over the state by the Constitution."

The section of Mansfield's Digest in force in the Indian Territory applicable to the present case is section 4487, which reads as follows:

"Actions on all judgments and decrees shall be commenced within 10 years after the cause of action shall accrue, and not afterwards."

It is apparent, therefore, that this being the controlling statute of limitation under the doctrine of Patterson v. Rousney, supra, the plaintiff brought his action within time. and the court properly rendered judgment for him.

Judgment affirmed.

By the Court: It is so ordered.