## BOARD OF EDUCATION OF CITY OF DRUMRIGHT v. BOARD OF COM'RS OF CREEK COUNTY.

No. 23014.   April 9, 1935.

S. A. Denyer, for plaintiff in error.

Sebe Christian, Co. Atty., and Chas. E. Webster, Deputy Co. Atty., for defendant in error.

WELCH, J.   On December 20, 1924, plaintiff, the board of education of the city of Drumright, a municipal corporation, obtained a judgment in the district court of Creek county against the defendant, board of county commissioners of Creek county, for the sum of $6,809.36, with interest from August 8, 1924, at 6 per cent. per annum, and $4.80 court costs.   On December 19, 1930, plaintiff sought and obtained an order of the court reviving such judgment.   On that same day plaintiff commenced this action seeking to recover judgment against the defendant, and pleading its former judgment, which had been revived on that day, as its first cause of action in the sum of $6,809.36, and $4.80 court costs, and pleading as its second cause of action the interest accrued on said judgment from August 8, 1924, to December 19, 1930, in the sum of $2,579.13.   Plaintiff prayed judgment in the total sum of $9,393.29, with interest at 6 per cent. per annum from December 19, 1930.

The cause was tried to the court, resulting in judgment in favor of the defendant, from which the plaintiff appeals.

The plaintiff contends that he has the absolute right to sue on his judgment because it is unpaid, and that he has the right to obtain judgment for the principal sum unpaid and for accrued interest, the aggregate sum of $9,393.29, to bear interest at the rate of 6 per cent. per annum until paid.   It is admitted that plaintiff's sole purpose was to obtain judgment for the accumulated interest so that it too would bear interest until paid.

Plaintiff cites and relies on Davis v. Foley, 60 Okla. 87, 159 P. 646.   That case does not sustain plaintiff's contention.   In the Davis Case, supra, this court did uphold the right of plaintiff to obtain judgment on an unpaid former judgment, but the purpose there was not merely to obtain interest upon interest.   That exact question was not involved, but the question there involved was whether the plaintiff in any event could maintain an action upon a valid judgment while the right remained in the judgment creditor to have execution.   This court upheld the plaintiff's right, and that decision was justified by reason of the purpose of

the plaintiff in that case. The judgment there was about to become dormant, and the plaintiff proceeded by suit for new judgment in lieu of revivor. In that case also the original judgment had been rendered in the United States District Court for the Northern District of the Indian Territory sitting in Muskogee, and the plaintiff sought the new judgment in the district court of Tulsa county after statehood. It is apparent that rights and benefits to which the plaintiff was clearly entitled were sought in that action. The fact that this court sustained the plaintiff's right to sue and obtain a new judgment in that case does not mean that plaintiff in this action would be entitled to the relief here sought.

One holding a money judgment against an individual has the right immediately to have the same satisfied in full out of any property of the debtor subject to execution, and each day after rendition of judgment he is entitled to immediate payment of the judgment and accrued interest. One holding a judgment against a county of this state has different rights; that is, the right not to an immediate payment in full, but the right to have tax levies made, one third each year, and for payment when the fund has accumulated therefor (section 5913, O. S. 1931), unless there exists a sinking fund out of which the judgment can and should be paid. (Section 5919, O. S. 1931.)

The plaintiff in this action, after obtaining his judgment in 1924, was entitled each year thereafter to have a tax levy made to pay one-third of his judgment and interest. The judgment having been revived, he still has that right. The record does not show whether any such levy has ever been made. We assume it has not been made. If true, plaintiff had the right to require it to be made, and that was and is the remedy. While plaintiff was entitled to collect interest on his judgment, he is not entitled to collect interest upon that unpaid interest. Rather he should have availed himself of his right to acquire the making of tax levies to pay his judgment. Plaintiff cites no authority sustaining his right to interest upon the unpaid interest on his unpaid judgment against the county. The case of Davis v. Foley, supra, does not sustain its contention.

In this case plaintiff's rights and remedies are ample to collect the original principal of his judgment, with interest thereon until paid, and it is not contended otherwise. It is true that payment of this judgment has

been long delayed, but that was due, in some part at least, to plaintiff's failure to use the right to require the making of a tax levy to pay the judgment. With that right and remedy available to plaintiff, he should not be permitted to waive it or pass it by for a period of years and then penalize the taxpayers by collecting interest on unpaid interest, as he sought to do here through this second judgment.

Many courts have sustained the right to obtain judgment on a former judgment. That right is often necessary to properly preserve the rights of the creditor. In some instances such subsequent judgment might be necessary to obtain new or additional rights to which the judgment creditor was clearly entitled, but we find no authority to sustain plaintiff's contention in this case.

A rule applicable here was stated and followed in Pitzer v. Russel, 4 Ore. 124, wherein the Supreme Court of that state held:

"A judgment creditor cannot claim a strict right to sue upon his judgment as often as he may choose, without showing any necessity for such course. Neither the common law nor the practice in the various states, nor anything inherent in the subject, gives to a judgment creditor an absolute right of action on a domestic judgment, unless such action is necessary in order to enable the plaintiff to have the full benefit of his judgment."

In the body of the opinion of the Pitzer Case, supra, is contained a very learned discussion of the question involved, including a rather extensive digest of the leading cases supporting the rule announced there. It is shown therein that the cases purporting to announce the contrary rule are doubtful for such purpose, the learned justice pointing out that in most of such cases there were good reasons, peculiar to each case, for maintaining an action on a former judgment, other than as a matter of strict right. We observe this to be true in the Davis Case, supra.

To adopt the rule that one holding a domestic judgment might maintain an action thereon as often as he chooses, without any showing of good cause therefor, or without any showing that some legitimate advantage would be gained thereby, would result in useless and vexatious litigation, the taxing of additional costs against the judgment debtor for no useful purpose, add useless expense to the operation of the courts, occupying the time of the officials of the court,

and adding to the congestion of an already overcrowded court docket, all to no useful purpose. We do not believe it was the intention of this court to announce any such rule in Davis v. Foley, supra. The rule that an action may be maintained upon a domestic judgment, although the judgment creditor has the right to issue execution thereon, is a sound rule of law. The law and the courts afford a judgment creditor the right and ample means by which to enforce the collection of his judgment, and when the judgment creditor can show some substantial, actual and valid reason for invoking the aid of the courts in safeguarding his judgment debt, or in furtherance of the ultimate collection thereof, he may be assured that the courts are open to him for such purpose. The judgment creditor in the Davis Case, supra, did successfully invoke the aid of the court in safeguarding his judgment debt, for in that case he was well within his rights and within the rule which we adopt here, as it is shown there that further delay could easily have resulted in his judgment expiring by limitation.

If the plaintiff here has the positive right to obtain a new judgment, then it would probably follow, by reason of the provision of section 9526, that he would in fact receive interest on interest. It may be that in many cases, where a new judgment has been rightfully obtained on a former unpaid judgment, the ultimate collection of interest upon interest has incidentally followed. If true, that does not establish, or argue for, the right to obtain a new judgment for the sole purpose of being thereby enabled to charge interest upon interest. We must conclude that, under the circumstances here shown, the plaintiff was not entitled, as a matter of right, for the purpose here shown, to obtain a new judgment against the county. Therefore, the judgment of the trial court denying such new judgment was correct, and it is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.