**Benjamin H. CLARK, Plaintiff in Error,**

v.

**Adelia R. CLARK, Defendant in Error.**

**No. 41639.**

Supreme Court of Oklahoma.

Sept. 23, 1969.

Kienzle & Kienzle, Shawnee, for plaintiff in error.

Robert H. Jones, Shawnee, Ervin E. Grant, El Dorado, Kan., for defendant in error.

WILLIAMS, Justice:

This is an appeal from an order of the lower court sustaining a motion to dismiss and a demurrer to plaintiff's motion (below styled as "Petition") to modify a particular provision contained in a final decree theretofore entered in a divorce proceeding, requiring the husband to name and maintain his former wife as beneficiary of a certain group term life insurance policy on his life. On appeal, the parties appear in the same relative position as in the trial court and hereinafter will be referred to as there designated.

Prior to the institution of the proceedings from which the present appeal arose, plaintiff below, the husband, and defendant below, the wife, in petition and cross-petition, respectively, had asked the trial court for a divorce. That court had granted same to both parties, granted plaintiff the new home he had acquired in Oklahoma, given defendant the old family home in Kansas, awarded defendant certain alimony payable in installments, awarded plaintiff a different peice of Kansas real estate (some lots, the proceeds of sale of which later were applied to pay balance of alimony installments).

Such court, in the decree of divorce had made the further order, to which reference has already been made, concerning plaintiff maintaining defendant as beneficiary of his life insurance policies, including a certain one in particular. This latter provision concerning insurance policies appearing in the decree of divorce is in the following language:

"IT IS FURTHER ORDERED that plaintiff shall name and maintain as sole and primary beneficiary on his Sinclair Employees Group Life Insurance Plan with Metropolitan Life Insurance Company through Sinclair Pipeline Company, his employer, Master Policy No. 5300-J and Certificate No. 180215, the defendant, Adelia R. Clark, and that such designation of primary beneficiary by plaintiff to defendant, Adelia R. Clark, shall be irrevocable and that such designation

of beneficiary shall not be changed hereafter in order that defendant, Adelia R. Clark, may be entitled to any and all proceeds under said life insurance policy when payable in accordance with this order, and that this order shall apply to any and all other life insurance policies which plaintiff may presently carry on his life."

It is this portion of the decree with which we are principally concerned in the present case. Plaintiff gave notice of intention to appeal from this judgment, but he then took no further action to perfect such appeal to this Court.

Some months thereafter, plaintiff filed in the trial court a petition to modify the divorce decree by deleting therefrom the provision relating to the insurance policies. In this petition, plaintiff alleged, inter alia, that the particular insurance policy referred to in the provision above set forth was a group policy with his employer and would not have at any time a loan or cash value; that the premiums, which are deducted from his salary, are subject to change and that the period of time for which plaintiff will continue to pay such premiums is unknown; that the provision relating to the insurance policy is not for the payment of a sum certain and is void; and, that the provision infringes upon the contractual rights of plaintiff, his employer, and the insurance carrier.

In response to this petition, defendant moved to dismiss on the grounds that the issues raised therein had been adjudicated previously by the final decree of divorce and by the court's order sustaining the demurrer to an earlier application to modify. Defendant also demurred to such application on the ground that the court had no jurisdiction over the defendant or the subject matter. The motion to dismiss and the demurrer were sustained by the court below and its order was entered accordingly. From this order and a subsequent order overruling his motion for new trial, plaintiff appeals.

It is to be noted that this appeal is on a procedural aspect of the case as distinguished from the merits of the trial court's earlier decision to award the particular insurance policy, and premiums, thereon to defendant.

The record in this case does not contain a copy of the insurance policy here in question. It does appear from the record and arguments of the parties that the subject policy is a group term life insurance plan, the master policy of which was issued to plaintiff's employer. It also appears that plaintiff is approaching or will by now have passed retirement age and that until he shall have retired the premiums probably are or were being deducted from his pay checks.

Some facts not resolved by the record before us are 1), the term of the policy as applicable to plaintiff, including whether it would terminate contemporaneously with his retirement, or be convertible to some other sort of life insurance, 2), how the premiums, theretofore deducted from his salary, if any, would be paid after his retirement, 3), how frequently payment of premiums is required, 4), the amounts of the respective premiums, 5), the period of time after retirement, if any, premiums would be payable, and (6), the provisions of the policy with reference to assignability of interests therein, change of beneficiary, etc. In short, there are no facts available from the record herein from which can be calculated the total amount of premium payments, i. e., alimony, required of plaintiff.

In the present appeal, plaintiff husband argues that the trial court erred in sustaining defendant wife's motion to dismiss and special demurrer. He says the trial court erred in awarding the group term life insurance policy on his life to defendant wife 1), in that it denied his right to change the beneficiary on his policy, 2), in that the policy in question has no paid-up insurance, or loan, or cash values and 3), in that the amount of premiums to be deducted from his respective pay checks or the amounts thereof to be paid by himself

and the period of time he would have to pay same are not specified in the decree of divorce (citing authorities).

Plaintiff in reply brief also argues the alleged inequitableness of the property and/or alimony judgment and amplifies upon his previous arguments to the effect that the provision referring to the insurance policy in question awards defendant no specific interest in such policy, either as property or alimony; that the order impairs the obligation of the insurance contract, violates its terms, is not binding on the company which issued the policy or plaintiff's employer, and is, in effect, contrary to public policy in that the policy would probably be permitted to lapse for non-payment of premiums and its value lost; that it deprives him of his constitutional right to contract for himself and further that it extracts his "life blood" in preventing him at his advanced age from making provision for insurance both for himself and his new wife for whom he feels "economically responsible," and amounts to "enslavement." He further says defendant has no insurable interest in the insurance policy in question.

Defendant counters a part of plaintiff's argument by contending that the group term life insurance policy here in question was properly awarded as alimony, being a specific item of personal property and citing Frensley v. Frensley, 177 Okl. 221, 58 P.2d 307. Defendant further seeks to distinguish the authorities listed by plaintiff.

We consider much of the foregoing argument of the parties, pro and con, concerning the validity of the provision of the trial court's decree of divorce concerning insurance as being addressed to the merits of the case rather than to the procedural aspect of the appeal now before us. Of course, one aspect of the merits of the case is involved here in that it goes to show whether a meritorious cause would have been presented for the determination of the trial court had it not decided the case on the procedural aspect.

One of plaintiff's contentions in this appeal is that it was fundamental and reversible error for the lower court to order plaintiff to name and maintain the defendant as beneficiary on the described insurance policy. The thrust of this contention is that the indefiniteness of the total amount of premiums to be paid on the policy involved herein makes the complained of provision in the divorce decree void. In effect, this contention appears to be based upon the assumption that the payment of premiums constitutes payment of alimony.

The provision in question does not in terms specifically require plaintiff to continue to make the necessary premium payments in order to keep the policy in force. However, it is our opinion that its language requiring plaintiff to "* * * name and maintain [defendant] as sole and primary beneficiary," so that defendant "* * * may be entitled to any and all proceeds under said life insurance policy" impliedly requires the continuation of such premium payments by plaintiff. Any other construction would defeat the apparent intent of the trial court as expressed in such provision.

The premium payments which apparently plaintiff would be required to make after the dissolution of the marriage to comply with requirements of subject provision would be made from his separate property, either by pay-roll deductions or in cash payments. Consequently, the trial court's authority to require their payment is based on its authority to award alimony. Money awarded as alimony must be in a definite fixed sum, and, if not, is void and subject to being attacked after term. 12 O.S.1961, § 1278. Vanderslice v. Vanderslice, 195 Okl. 496, 159 P.2d 560; Finley v. Finley, 174 Okl. 457, 50 P.2d 643; Munsey v. Munsey, Okl., 385 P.2d 902. From the divorce decree in the record herein, it appears that the provision impliedly requiring plaintiff to pay the necessary premiums to continue the insurance policies in force fails to reduce plaintiff's obligation to make the necessary premium payments to a definite fixed sum as is required by our previous

decisions concerning alimony awards payable in money. Therefore, we determine that that portion of the divorce decree that requires the payment of insurance premiums is void.

Such invalidity of such decree appears on its face. In our view, it is clearly shown by its own terms that the portion of the judgment of the trial court requiring plaintiff to pay premiums in an indefinite amount and for an indefinite period of time is void and therefore its invalidity appears on the face of the judgment roll. In that posture of the case plaintiff is entitled to attack the decree either directly or collaterally. Pettis v. Johnston, 78 Okl. 277, 190 P. 681, 682, 684, syllabus paragraphs 10, 11, 32 and 33.

Such portion of the subject decree of divorce being void on its face, in our view, there remained only the trial court to vacate the portion thereof pertaining to premiums payable on the subject group term life insurance policy upon proper application therefor. We further determine that the trial court's failure to vacate such portion of said decree was error and its judgment sustaining defendant's demurrer to plaintiff's application to modify and (defendant's) motion to dismiss should be and is hereby reversed.

Plaintiff further contends that the provision requiring him to maintain defendant as the beneficiary of the above-described particular insurance policy is an allowance of alimony in an uncertain and indefinite sum, and as such is void and subject to being attacked after the term of the court in which such judgment was entered. The thrust of this contention is that the trial court, under the authorities cited, could not lawfully award to defendant the beneficial interest in the insurance policy with which we are here concerned for the reason it is not a definite piece of personal property with a known value, etc.

Plaintiff makes a sort of public policy argument citing this Court's ruling in the case of Hink v. Hink, 131 Okl. 164, 268 P. 282, 283, referred to in notes at 145 A.L.R.

526 and 175 A.L.R. 1246. In Hink v. Hink, this Court, in terse language, determined that it was error for the trial court to have ordered a husband to transfer to his wife one-half of certain insurance on the ground that such requirement " * * * would probably result in said insurance being permitted to lapse because of the nonpayment of premiums." There this Court ordered that an award to the wife of an interest in the husband's insurance eliminated from the decree so the insurance policy would not probably be permitted to lapse because of nonpayment of premiums.

■ As a general rule a court has only such authority in a divorce action to award a wife title to specific property of the husband as alimony instead of the usual allowance of money as is authorized by statute. 133 A.L.R. 862 note, Uhl v. Irwin (1895) 3 Okl. 388, 41 P. 376.

Our statute, 12 O.S.1961, § 1275, provides that where the court awards a divorce to both the parties for the fault of both, it may for good cause shown make such an order "for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties." See White v. White, Okl., 281 P.2d 745, 747, wherein we affirmed the granting to plaintiff wife of a $10,000.00 interest in defendant's $25,000.00 life insurance policy. See also Baird v. Wainwright, et al., Okl., 260 P.2d 1060, 1063, 1064.

■ Ordinarily, as between husband and wife, a change of beneficiary of a life insurance policy may be effected by a decree of divorce making disposition of the property of the spouses. 46 C.J.S. Insurance § 1175 Change of Beneficiary c. under policy authorizing change, p. 83; 145 A.L.R. note 523, (citing an Oklahoma case not deemed applicable) and 526 (citing Hink v. Hink, supra). Equitable Life Assur. Soc. v. Wilkins (1942; D.C., N.Y.) 44 F.Supp. 594.

It is to be noted that section 1275 of our statute, quoted in part supra, authorizes the trial court to make a division of property that is "proper, equitable and just." Here the plaintiff was a man nearing 65 years of age and retirement when the decree in question was made. As a matter of general knowledge, it would be difficult if not impossible for him to obtain other insurance. It is the feeling of this Court that to deprive plaintiff of the title to his only insurance under the facts of this case but still to require him to make payments of premiums thereon in whatever amount until the expiration of his life and in favor of the former wife from whom he was divorced (or possibly her estate) in a case such as this, amounts to such an improper, inequitable and unjust division insofar as the group term life insurance policy here in question is involved as to amount to an abuse of discretion and a violation of public policy. We determine that the attempt to deprive the insured of all interest in the policy but yet require him to pay the premiums thereon in favor of his former wife for the entire balance of his lifetime was error. That portion of the decree of divorce purportedly granting defendant (or her estate) title to the policy as irrevocable beneficiary thereof is accordingly reversed.

Defendant has raised in argument herein the question that plaintiff's request for relief has already been previously denied by the trial court and that such former rulings have become final and res judicata. Defendant has filed no cross-appeal herein. Further her attack on plaintiff's former motions were based upon lack of proper service of summons upon her as well as her defense to the merits of the motion. The argument is not persuasive. Hutchings v. Zumbrunn, 86 Okl. 226, 208 P. 224, syll. par. 3.

The trial court perforce retains jurisdiction to modify a provision of its decree, void because uncertain, in order to achieve validity thereof. Munsey v. Munsey, Okl., 385 P.2d 902, 903. This continuing jurisdiction is retained by the trial court to the exclusion of any other court. Jones v. Jones, 177 Okl. 181, 58 P.2d 330. The partial invalidity of a divorce decree for want of jurisdiction in a particular respect does not invalidate the entire divorce decree. Murphy v. Murphy, Okl., 276 P.2d 920.

Accordingly, in view of the foregoing, we determine that the judgment and order of the trial court sustaining demurrer and motion to dismiss of defendant to application ("petition") of plaintiff to vacate portion of decree of divorce referring to subject insurance policy (policies) should be reversed and vacated and it is so ordered and the cause remanded to the trial court for further proceedings not inconsistent with the view herein expressed.

Reversed and remanded.

IRWIN, C. J., and DAVISON, HODGES, LAVENDER and McINERNEY, JJ., concur.

BLACKBIRD and JACKSON, JJ., dissent.