**Harry D. PITCHFORD, Appellant,**

v.

**Bill BLANCHARD, Appellee.**

**No. 45005.**

Supreme Court of Oklahoma.

Oct. 3, 1972.

Rehearing Denied Dec. 18, 1972.

Harry D. Pitchford, Okmulgee, for appellant.

James S. Steph, Okmulgee, for appellee.

IRWIN, Justice:

Appellant, Harry D. Pitchford, while representing the wife of appellee, Bill Blanchard, in a divorce proceeding, obtained an order of the District Court of Okmulgee County directing the appellee to pay appellant Two Hundred Dollars ($200.00) as attorney fees within ten (10) days "or show cause why he can not make such payment."

Appellant subsequently sought a judgment of $200.00 in the Small Claims Division of the District Court under the provisions of the Small Claims Procedure Act, 12 O.S.1971, §§ 1751–1769, based upon the above order. The district court, small claims division, refused to enter judgment for appellant, and referred the matter to the division of the district court where the divorce case was pending. Appellant appealed.

For reversal of the trial court's judgment, appellant relies upon the general rule that a valid court order directing payment of attorney fees in a divorce action creates an enforceable legal obligation. We will assume for the purpose of this decision that the order is final and enforceable.

Appellant's action in the District Court of Okmulgee County, Small Claims Division, is one to recover on a judgment entered in the same district court. In Davis v. Foley, 60 Okl. 87, 159 P. 646, we held that an action may be maintained upon a judgment, although the judgment creditor has the right to issue execution thereon. In discussing the Davis case in Board of Education of City of Drumright v. Board of County Commissioners of Creek County, 171 Okl. 464, 43 P.2d 139, we said the "court upheld the plaintiff's right, and that decision [the Davis decision] was justified by reason of the purpose of the plaintiff in that case. The judgment there was about to become dormant, and the plaintiff proceeded by suit for new judgment in lieu of revivor. In that case also the original judgment had been rendered in the United States District Court for the Northern District of the Indian Territory sitting in Muskogee, and the plaintiff sought the new judgment in the District Court of Tulsa County after statehood. It is apparent that the rights and benefits, to which plaintiff was clearly entitled, were sought in that action."

In the Board of Education case, supra, we said that the court in the Davis case had no intention of adopting the rule that one holding a domestic judgment might maintain an action therefor as often as he chooses, without any showing of good cause therefor, or without showing that some legitimate advantage would be gained thereby. The court also said that to adopt such rule would result in useless and vexatious litigation, the taxing of additional costs against the judgment debtor for no useful purpose, and add useless expense to the operation of the courts. The Court held in the Board of Education case that:

"A judgment creditor cannot claim a strict right to sue upon his judgment as often as he may choose, without showing any necessity for such course. Neither the common law nor the practice in the various states, nor anything inherent in the subject, gives to a judgment creditor an absolute right of action on a domestic judgment, unless such action is necessary in order to enable the plaintiff to have the full benefit of his judgment."

 There is no showing why this proceeding under the Small Claims Procedure Act was necessary to protect the rights of appellant or give him full benefit of the order issued by the district court in the divorce proceeding. In our opinion, the trial court properly referred the matter to the division of the district court where the divorce case was pending.

Judgment affirmed.

BERRY, C. J., and WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.

BARNES, J., not participating.