Judith Elizabeth **MAYHUE**, Appellant,

v.

Francis E. **MAYHUE**, G.C. Mayhue, Jr., Leone S. Mayhue, Ethel Walker, and Mary Jo Mellor, Appellees.

No. 62805.

Supreme Court of Oklahoma.

Sept. 17, 1985.

Dan Little, Little, Little, Little & Windel, Madill, for appellant.

Austin R. Deaton, Jr., Deaton & Davison, Ada, for appellee Francis E. Mayhue.

OPALA, Justice.

■ This appeal from an order in a post-divorce accounting proceeding tenders for our review the question whether the challenged provisions of a divorce decree—by which one spouse received as support alimony a share of property inherited by, but not yet fully distributed to, the other spouse—are *facially void* [1] for lack of definiteness. We answer in the negative.

A 1970 divorce decree granted the wife as support alimony a monetary award, as well as an undivided one-fourth interest in a certain portion of the husband's distributive share in the estates of his deceased parents, only one of which estates was then

---

1. A facially void judgment is one whose invalidity appears on the face of the judgment roll. *Kolp v. State ex rel. Commissioners of Land* *Office*, Okl., 312 P.2d 483, 485 [1957]; *Prickett v. Moore*, Okl., 684 P.2d 1191, 1193–1194 [1984]; see footnote 9, *infra*.

in probate.[2] Neither party sought appellate review of this decree.

 In a post-decree proceeding[3] brought ten years later, the wife sought to enforce the alimony award against her former spouse and some members of his family by an accounting of the proceeds from the sale or transfer of certain qualifying assets. The wife's goal was to have her decreed interest in those assets quieted and her lien impressed upon them. The proceeding culminated in an order vacating that part of the decree which granted the wife—as alimony—a portion of the husband's distributive share of the estates. The trial court held that alimony award void for failure to meet the legal standards of definiteness. The wife sought corrective relief by a petition for certiorari to review the trial court's ruling as a certified interlocutory order. By this court's earlier direction the present case came to be recast as an appeal.[4] We now reverse the trial court's order.

The wife's contention is that her alimony award in contest here is valid under our decision in *Frensley v. Frensley.*[5] The husband argues that the award of an "undivided one-fourth interest" constitutes an impermissibly indefinite quantum and asserts that there is neither a definite time period within which the total amount of the husband's obligation will come due, nor is it possible to determine the total amount of the net proceeds of which the award is comprised.

 The posture in which this case comes does not call upon us either to place a construction on the terms of the contested alimony award[6] or to pronounce it free from errors which would be reversible if this were a direct appeal from the divorce decree.[7] Rather, the task presently before us is to determine whether the terms of the disputed award are so indefinite as to render it *facially void.*[8]

2. The one-fourth share set apart to the wife was limited to the "net proceeds," which term was defined as *all* income derived from the estates and from the sale of the property of the estates or the husband's interest in the property already distributed to him over and above its appraised value.

3. The wife's instant claim for accounting was brought as a "new action" rather than as an ancillary post-decree proceeding in the divorce case. When remedies in aid of execution appear inadequate, a prior judgment may be enforced in a new action founded upon it. *Chapman v. Chapman*, Okl., 692 P.2d 1369, 1374 [1984]; *Pitchford v. Blanchard*, Okl., 503 P.2d 1270 [1972]; *Davis v. Foley*, 60 Okl. 87, 159 P. 646 [1916].

4. The order under review operates to vacate *in part* the trial court's prior alimony award and hence precludes the wife from proceeding further with her claim for accounting. When an alimony award is declared void as an indefinite obligation, the obligor's liability is subject to readjudication. *Oder v. Oder*, 149 Okl. 63, 299 P. 202, 203–204 [1931]. An order that either vacates *in part* the court's prior judgment or precludes a party from proceeding further in the trial court is appealable. *Chemco Products, Inc. v. Moley Produce Company, Inc.*, Okl., 615 P.2d 300 [1980] and *Centorp Corp. v. Gulf Production Corp.*, 183 Okl. 436, 83 P.2d 181, 185 [1938].
When appeal constitutes the proper remedy, but relief is sought by some other method, this court may treat the case as an appeal, if the proceeding was brought within the statutory time limit for the commencement of an appeal. *Amarex, Inc. v. Baker*, Okl., 655 P.2d 1040, 1043 [1983]; *White v. Wensauer*, Okl., 702 P.2d 15, 16 [1985]; *Prock v. District Court of Pittsburg County*, Okl., 630 P.2d 772, 775 [1981].

5. 177 Okl. 221, 58 P.2d 307, 311–313 [1936].

6. An ambiguous judgment may be construed by resort to the judgment roll. *Dickason v. Dickason*, Okl., 607 P.2d 674, 677 [1980]; *Filtsch v. Sipe*, 198 Okl. 356, 178 P.2d 612, 615 [1947]. A judgment is presumed to be valid, and unless none of its terms is susceptible to construction which will make it conformable to the law, mere ambiguity or obscurity will not affect its validity. *Knight v. Armstrong*, Okl., 303 P.2d 421, 424–425 [1956].

7. The power of a court to decide includes the power to decide wrongly. An erroneous decision is as binding as one that is correct until it is set aside or corrected in a manner provided by law. *Woodrow v. Ewing*, Okl., 263 P.2d 167, 171 [1953].

8. A decision is void on the face of the judgment roll when, from the four corners of that roll, it may be determined that at least one of the three elements of jurisdiction was absent, i.e., jurisdiction over the parties, over the subject matter or jurisdictional power to pronounce the particular judgment that was rendered. *Scoufos v.*

The validity of a judgment must be determined by the law in force when judgment was rendered. It is axiomatic that a judgment that is valid when rendered cannot have its efficacy impaired by *any* after-enacted legislation.[9] At the time the decree was rendered in 1970, the language of the governing statute—12 O.S. 1961 § 1278—was the same as that considered by us in *Frensley*.[10] *Frensley*, which upheld an alimony award consisting of the husband's one-half interest in the net proceeds of a trust established by the will of his deceased father, stands as authority for the rule that Oklahoma's statutory law recognizes two distinct classes of alimony awards: (1) an in-kind award effected by an *in praesenti* transfer of the obligor's property and (2) a monetary allowance.[11] When alimony is in the form of money payments, the award is void if the *total* amount of the adjudged obligation is not fixed in a sum certain or is not in a sum capable of being made certain by reference to the terms of the decree.[12] On the other hand, an in-kind alimony award, by the terms of which a transfer of the obligor's property, or of some interest therein, is effected, is not subject to the same sum-certain requirement.[13]

The district court attempted to take this case out of the *Frensley* rule by pointing out that there the trust created for the benefit of the husband, in which the wife was granted an interest, had a fixed, 20-year duration, whereas here the ultimate point in time at which the husband's interest will be distributed from the parents' estates, as well as the total amount to be received and transferred to the wife are unascertainable.

*Fuller*, Okl., 280 P.2d 720, 723 [1955] and *State ex rel. Commissioners of Land Office v. Keller*, Okl., 264 P.2d 742, 747-748 [1953]. The husband cites us only to those cases which address *monetary* awards found to be indefinite either because the *total* alimony obligation was not determined or could not be ascertained from the terms of the decree. *Clark v. Clark*, Okl., 460 P.2d 936 [1969]; *Munsey v. Munsey*, Okl., 385 P.2d 902 [1963]; *Vanderslice v. Vanderslice*, 195 Okl. 496, 159 P.2d 560 [1945]; *Finley v. Finley*, 174 Okl. 457, 50 P.2d 643 [1935]; *Steincamp v. Steincamp*, Okl., 593 P.2d 495 [1979]; *May v. May*, Okl., 596 P.2d 536 [1979].

9. *Lake v. Bonynge*, 161 Cal. 120, 118 P. 535, 540 [1911]; *Pacific Power Co. v. State*, 32 Cal.App. 175, 162 P. 643, 646 [1917]; *John S. Westervelt's Sons v. Regency*, 3 N.J. 472, 70 A.2d 767, 771 [1950]; *Anderson v. Dewey*, 82 Idaho 173, 350 P.2d 734, 738 [1960]; see also, *Washabaugh v. Bartlett Collins Glass Co.*, 177 Okl. 159, 57 P.2d 1162, 1164 [1936]; *Apple v. State Insurance Fund*, Okl., 540 P.2d 545, 547 [1975]; *Weber v. Armco, Inc.*, Okl., 663 P.2d 1221, 1227 [1983]. The judgment of a court constitutes "an obligation of the highest nature known to law." A right to a judgment is "vested." *Vaughn v. Osborne*, 103 Okl. 59, 229 P. 467, 470 [1924]. "A 'vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right. It may be created either by common law, statute or by contract. *Once created, it becomes absolute, and is protected from legislative invasion by Art. 5, Secs. 52 and 54 of our Constitution.*" [emphasis added]. *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District,* Okl., 464 P.2d 748, 755 [1969]; *Smith v. Smith*, Okl.,

652 P.2d 297, 299 [1982]. (Opala, J., concurring).

10. In *Frensley v. Frensley, supra* note 5 at 312, we quoted the relevant portion of the statute then in effect (O.S. 1931, § 672):

"... the wife ... shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, giving due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable."

11. Alimony must be awarded either in specific property or in a definite sum of money. *Bishop v. Bishop*, 194 Okl. 209, 148 P.2d 472, 475 [1944]; *Frensley v. Frensley, supra* note 5 at 312.

In *Oder v. Oder, supra* note 4 at 203, we considered an open-ended monetary award of alimony. The *Oder* divorce decree provided for monthly alimony payments in a sum certain to be made during an indefinite period in the future. The court held the award void because its open-ended terms violated the statutory command that an alimony judgment be certain as to the total amount of the imposed obligation. The *Oder* doctrine is not invocable here because the award under review does not call for payment of money. *Frensley v. Frensley, supra* note 5 at 312.

12. *Frensley v. Frensley, supra* note 5 at 312, and cases cited therein.

13. *Frensley v. Frensley, supra* note 5 at 312–313.

■ Because the terms of 12 O.S. 1961 § 1278—as well as those of its current version, 12 O.S.Supp.1985 § 1278—require that an in-kind alimony award be "just and equitable,"[14] it would be a better practice for the trial court, when fashioning an in-kind support alimony award, to ascertain the present value of the entire interest in the property being set apart to the obligee. This would tend to aid an appellate court's review when the award is challenged for excessiveness on a direct appeal. A failure to establish and recite the total value of the interest that was here the subject of an in-kind alimony award does not impair the facial validity of the award under consideration. Because in this case the husband did not bring a direct appeal for review of the award in controversy, he cannot now challenge it for excessiveness.[15] His belated attack, launched as a defense to the post-decree accounting proceeding, also came too late for any vacation relief upon the grounds authorized in 12 O.S.1981 § 1031.[16] His attack may succeed *only if* the in-kind alimony award in contention can be viewed as void upon the face of the judgment roll.[17]

■ The trial court obviously misconstrued the rationale of our pronouncement in *Frensley.* The life span of the trust was not critical to our holding in that case. Our opinion explained that the right to receive the proceeds of a trust is a property interest,[18] and since the *Frensley* decree set apart to the wife an interest in the *husband's property*, the award to her was not governed by the same rules of definiteness as those which apply to *money awards.*[19]

■ Here, the husband's interest in the proceeds of his deceased parents' estates constitutes a species of property which the decree may transfer, in whole or in part, to the wife as her alimony without an antecedent conversion of the interest to a fixed sum of money or its commutation to a monetary award. The interest awarded operates as a transfer thereof to the wife. Although the *res* so transferred is in assets to be received and accounted for at some unspecified time in the future, the *quantum* awarded does not appear incapable of ascertainment by periodical accounting. In short, the face of the judgment roll utterly fails to reveal *any* jurisdictional defect in the challenged alimony adjudication.

The trial court erred in concluding that if it is uncertain *when* and *how much* money the obligee will ultimately receive from an interest transferred by in-kind alimony provisions of a divorce decree, the alimony award is fatally flawed on the face of the judgment roll.[20] The award under review

---

**14.** See footnote 10 *supra* and accompanying text.

**15.** *May v. May, supra* note 8 at 540 and cases cited therein.

**16.** *Scoufos v. Fuller, supra* note 8 at 725.

**17.** *Petty v. Roberts,* 186 Okl. 269, 98 P.2d 602, 603 [1939] and *Scoufos v. Fuller, supra* note 8. The judgment roll, which is synonymous with "record proper," consists of ". . . the petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; . . ." 12 O.S. 1981 § 32.1, renumbered in 1972 from 12 O.S.1971 § 704, Okla.Sess.L.1972, c. 119 § 5; *Mid-Continent Pipe Line Co. v. Seminole County Excise Bd.,* 194 Okl. 40, 146 P.2d 996, 1000 [1944]; *Veiser v. Armstrong,* Okl., 688 P.2d 796, 800 [1984].

**18.** *Frensley v. Frensley, supra* note 5 at 312.

**19.** *Frensley v. Frensley, supra* note 5 at 312–313.

**20.** The husband relies on *Clark v. Clark,* Okl., 460 P.2d 936 [1969]. In *Clark,* we held that an alimony award, which required a husband to maintain life insurance for the benefit of his wife, was void because the amount of premiums ultimately to be paid could not be reduced to a sum certain. That holding viewed continued payment of insurance premiums as an obligation in the nature of a money judgment for alimony and hence subject to the sum-certain requirement.
Our pronouncement today is not inconsistent with *Clark.* After determining in *Clark* that the imposed liability for premium payment was void, the court went on to consider separately the portion of the decree requiring the husband to name his wife as the beneficiary of his life insurance policy. It expressly noted that the trial court had statutory authority to award specific property as alimony in lieu of money. Only the obligation to pay premiums was set

clearly does not offend Oklahoma's statutory policy against judicial imposition of open-ended monetary obligations for support alimony. It is hence free from facial jurisdictional defects.

The trial court's order is reversed and the cause remanded for further proceedings not inconsistent with this pronouncement.

DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE, ALMA WILSON, KAUGER, and SUMMERS, JJ., concur.

SIMMS, C.J., concurs in judgment.

aside as violative of the statutory policy against the open-ended monetary awards of money.