Toshiko UTSINGER, Appellee,

v.

William UTSINGER, Appellant.

· No. 78718.

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 9, 1993.

Gerry R. Wright, Lawton, for appellant.

Arthur R. South, Lawton, for appellee.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Appellant seeks review of the trial court's orders denying his Motion to Modify Decree of Divorce, as amended.

The parties were divorced in September 1990. They had entered into a *Property Settlement Agreement,* which also contained provisions for support alimony, child custody and child support. This agreement provided Appellant would, among other things, pay child support in accordance with Child Support Guidelines (Guidelines), and:

> ... pay to [Appellee] the sum of $84,-000.00, payable at the rate of $700.00 per month, until said amount is fully paid, ... and with the specific provision that death or remarriage shall not terminate said payments.

Without expressly incorporating or referring to those provisions of the agreement relating to support alimony or child support, the trial court in its decree ordered support alimony consistent with the terms of the agreement and ordered child support pursuant to the Guidelines.

In March 1991, approximately 6 months post-decree, Appellant moved to modify the decree under the authority of 43 O.S.Supp. 1989 § 134(E).[1] He asserted change in cir-

---

1. Section 134(E) provides, in relevant part: ... the provisions of any divorce decree pertaining to the payment of alimony as support may be modified upon proof of changed circumstances relating to the need for support or ability to support which are substantial and continuing so

cumstances relating to his ability to pay the ordered support alimony. Appellant amended his motion to additionally request reduction in child support, again asserting a change in his ability to pay.

The trial court issued a letter order finding:

> ... the property settlement agreement entered into by the parties and approved by the court is not subject to modification without consent of the parties. *Stuart v. Stuart*, 555 P.2d 611 (Okla.1976).[2]

Appellant raises two issues before this Court. First, he argues the trial court did have jurisdiction to modify the divorce decree with respect to support alimony without mutual consent of the parties. Appellant also contends the trial court erred in denying his motion to modify the divorce decree as to child support without an evidentiary hearing.

■ Appellee concedes Appellant is entitled to a hearing on the question of child support. While the parties agreed child support was to be paid in accordance with the Guidelines, an agreement of the parties as to child support is not binding upon the court. *Parkey v. Parkey*, 371 P.2d 711 (Okla.1962).

■ Child support orders may be modified on proof of a material change in circumstances, with deviation from the Guidelines supported by specific findings. 43 O.S.Supp.1989 § 118(19). The trial court may not properly make these determinations in the absence of a hearing, where the movant is allowed to adduce evidence in support of his or her request.

We find the trial court also erred in declining to hear Appellant's request to reduce support alimony. The trial court

based that decision on its finding the divorce was a consent decree which could not be modified without the consent of the parties.

■ Our Supreme Court has "repeatedly held that parties may enter into a consent divorce decree, which cannot be subsequently modified *except by the consent of the parties*. *Greer v. Greer*, 807 P.2d 791 (Okla.1991) (emphasis in the original).[3]

■ Even a statutory right may be waived in such a consent divorce decree. *Perry v. Perry*, 551 P.2d 256 (Okla.1976). However, if a statutory right is to be waived, the waiver must be voluntary and with intentional relinquishment of a known right. *Perry v. Perry*, at 257.

■ As Appellant notes in his brief in chief, the property settlement agreement here contains no explicit provision relating to modification of support alimony, nor do we find such provision implicit so as to document or infer a knowing and intentional waiver. To the contrary, since the parties did specifically provide that death or remarriage shall not *terminate* support alimony payments, as would otherwise occur by law,[4] we may conclude they intended to leave the statutory *modification* authority intact.[5]

In the absence of an agreement between Appellant and Appellee constraining modification of the support alimony award, we find the trial court erroneously held it could not modify the award without consent of the parties.

The trial court's orders denying Appellant's amended motion to modify the divorce decree as to support alimony and child support are **REVERSED** and this matter is **REMANDED** to the trial court

---

as to make the terms of the decree unreasonable to either party.

**2.** Property division under the agreement is not at issue. The initial trial court order only disposed of Appellant's motion as it relates to his obligation to pay support alimony. A second order entered after Appellant filed his petition in error denied Appellant's request to reduce child support, making the trial court's determination on all issues before it final. Appellant then amended his petition in error, bringing both issues properly before this Court.

**3.** The Supreme Court has not ruled specifically that parties may agree a support alimony award will not be modifiable under 43 O.S.1991 § 134(E). We need not reach that question here because we find there was no such agreement.

**4.** See, 43 O.S.Supp.1989 § 134(B).

**5.** Termination and modification of support alimony are two separate authorities. See, *Nantz v. Nantz*, 749 P.2d 1137, 1140 (Okla.1988).

for further proceedings consistent with this opinion.

BAILEY, P.J., and HUNTER, J., concur.

