Dear Senator Littlefield,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
If a public school district has funds available from sourcesother than taxes levied for sinking fund purposes, such asfederal money, may the district place that money in the sinkingfund to reduce or eliminate the need to levy against the taxableproperty in the district to satisfy a judgment pursuant to 62O.S. Supp. 2000, § 365.5[62-365.5]?
¶ 1 The exclusive procedures for payment of judgments against counties and other municipal subdivisions (including school districts)[1] 62 O.S. Supp. 2000, § 361[62-361]. and the steps that the judgment creditor must follow to receive payment of the judgment are found at 62 O.S. Supp. 2000, § 365.5[62-365.5] which provides in pertinent part:
 Money judgments against any county or other municipal subdivisions of the State of Oklahoma shall be paid in the following manner, and may be paid in no other manner. No payment shall be made until such judgment is first spread on the budget for levy as to the first third thereof, and the levy or provision made therefor has become final. Within thirty (30) days after the final determination of any ad valorem tax protests as involve levy for judgments against the county or any of its municipal subdivisions, or, if no protests be filed, then after termination of the forty-day protest period, the judgment creditor or attorney for the judgment creditor shall file with the treasurer of such municipality a claim, in form as prescribed by the State Auditor and Inspector, itemizing the judgments to be paid, stating the principal sum thereof, any sums paid thereon, and the balance due with interest computed on the unpaid portion of the principal amount of each judgment. . . . Such treasurer shall thereupon canvass his sinking fund for the purpose of ascertaining if there be in his sinking fund for such municipality an amount of actual cash over and above the amount of cash needed to pay all coupons and bonds matured and maturing therein within the time such sinking fund will be replenished from levies made or to be made for such judgment, or judgments, he shall approve such claim in such amount as is neither in excess of such claim nor in excess of the actual cash reserve necessary for coupons and bonds as hereinbefore defined and shall transmit it to the clerk of such municipality.
Id. (emphasis added).
¶ 2 A judgment creditor does not have the right to immediate payment in full, but does have the right to have a sinking fund tax levied for three years. See Board of Educ. v. Board ofCounty Comm'rs, 43 P.2d 139, 140 (Okla. 1935). Other than the sinking fund,[2] Id. no other sources of funds are provided by law for the collection of judgments.[3] Id.
at 265. Section 365.5 of Title 62 mandates that no payment shall be made until a judgment is "first spread on the budget for levy as to the first third thereof, and the levy or provision made therefore has become final." Id. Section 365.5 further provides that a judgment creditor or the creditor's attorney shall file a claim itemizing the judgment to be paid with the municipal treasurer. The treasurer is then required to canvass the sinking fund to determine if there is an amount of actual cash over and above the amount of cash needed to pay interest and principal maturing on bonds. To the extent that surplus money in the sinking fund is available and not necessary to retire bonded indebtedness, the same may be used to satisfy a judgment. In the event such surplus funds are sufficient to satisfy the judgment, no levy would be required. See id.
¶ 3 Section 365.5 is the exclusive method by which judgments may be paid and it requires a canvass and levy of the sinking fund. A school district could not be compelled to use general fund monies to pay a judgment.[4] Your question poses a scenario in which a school district has other monies such as federal funds. Can those federal monies be used by the district to defray the cost of a judgment? The Oklahoma Supreme Court has ruled that federal funds, when held by the State in its custodial capacity, retain their original legal character. See In re Dep'tof Transp., 646 P.2d 605, 609 (Okla. 1982). In that case, federal, State, and private monies were used to provide financial assistance to distressed railroads. It was claimed that when the federal and private funds were accepted by the department and deposited in the state treasury they became State money and thus subject to constitutional prohibitions. The Supreme Court disagreed and found that the monies were not State funds:
 Federal money deposited in the state treasury pursuant to some grant-in-aid program is held in trust for a specific purpose. Like other custodial funds, it retains its original legal character. The legislature wields no authority over such funds. It may not subvert congressional policy by diverting the money to another purpose. . . .
 The terms of 62 O.S. Supp. 1979 § 41.8[62-41.8], cited by the Attorney General as authority for his position, provide that federal funds deposited in the state treasury "shall be subject to the other fiscal controls" in the budget act. This phrase doubtless refers to a course of procedure which governs the state treasurer-as custodian of the fund-in keeping records and making payments to claimants. The agency responsible for receiving and disbursing the funds does not, by virtue of this procedure, lose control over the federal funds for which it is responsible, nor over the manner in which they are expended or managed.
Id. at 609-10.
¶ 4 A school district must follow the procedures for payment of a judgment found at Title 62, Section 365.5. See id. Federal money, however, retains its original character and may be expended consistent with the federal program under which the money is provided. This is equally true for federal money provided to local schools as it is for federal money provided to State agencies. Therefore, if a local school district has federal funds available, it may place the money in the sinking fund and use the money to repay a judgment, consistent with 62 O.S. Supp.2000, § 365.5[62-365.5], as long as the expenditure is not prohibited by the federal law by which the money was provided to the school.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The procedures found at 62 O.S. Supp. 2000, § 365.5[62-365.5] arethe exclusive methods by which a school district may be compelledto satisfy a judgment. There is no provision in Section 365.5which would allow use of general fund monies from State and localsources for payment of a judgment. To the extent, however, thatnon-state monies, such as federal funds, are available, the samemay be placed in the sinking fund and used to satisfy a judgmentagainst the school district if such an expenditure is notprohibited by the federal law under which money was provided.
W.A. DREW EDMONDSON Attorney General of Oklahoma
DOUGLAS F. PRICE Assistant Attorney General
[1] Title 62, Sections 361-365.6, provides procedures for the payment of judgments against municipalities. School Districts are defined as a municipality:
 The term "board" as used herein shall be construed to mean the board of directors, or the board of education of any school district, independent or otherwise, the board of trustees of any town or township, the mayor and council of any city, the board of commissioners of any city having a charter form of government and the board of county commissioners of any county. The term "judgment" shall be construed to mean the final determination by any court of competent jurisdiction in any action or proceeding to determine the rights of parties. The term "municipality" as used herein shall be construed to mean any school district, independent or otherwise, any township, any city or town, irrespective of the form of government prevailing in said city or town, and any county.
62 O.S. Supp. 2000, § 361[62-361].
[2] Sinking fund monies may be used for the payment of interest, bonds and judgments. Specifically, Article X, § 28 of the Oklahoma Constitution provides:
 Counties, townships, school districts, cities, and towns shall levy sufficient additional revenue to create a sinking fund to be used, first, for the payment of interest coupons as they fall due; second, for the payment of bonds as they fall due; third, for the payments of such parts of judgments as such municipality may, by law, be required to pay.
Id.
[3] In City of Del City v. Harris, 508 P.2d 264 (Okla. 1973), the Supreme Court ruled that Title 62, Section 365.5 procedures are the exclusive method of satisfying judgments against municipalities:
 The above mentioned procedure for collection of judgments against municipalities is the exclusive method for collection of judgments under the Oklahoma Constitution, Article 10 § 28, and statutes, 62 O.S. 1971 § 365.5[62-365.5] et seq. 62 O.S. 1971 § 365.5[62-365.5] et seq. as explained in Sager, supra, eliminates the possibility of satisfaction of a money judgment against a municipality by suit on a supersedeas or stay bond. It provides an exclusive method of satisfaction of judgments against municipalities.
Id. at 265.
[4] This Opinion is limited to the provisions of 62 O.S. Supp.2000, § 365.5[62-365.5] and is not intended to address situations where a governmental entity enters into a settlement.