2006 OK CIV APP 50

**In re the Marriage of Teddie Lee NI-BARGER, Petitioner/Appellant,**

v.

**Judith L. NIBARGER, Respondent/Appellee.**

No. 102,326.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 10, 2006.

Certiorari Denied April 17, 2006.

Richard D. James, Morrow, Wilson, Watson & James, Miami, OK, for Petitioner/Appellant.

Gary D. Mallow, Robert C. Jenkins, Mallow, Jenkins & Reppart, PLLC, Grove, OK, for Respondent/Appellee.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶ 1 Petitioner/Appellant Teddie Lee Nibarger (Husband) appeals from the trial court's order dismissing Husband's motion to modify the parties' Divorce Decree. The trial court granted Respondent/Appellee Judith L. Nibarger's (Wife) motion to dismiss based on the finding that the parties were divorced by a consent decree which the trial court was without authority to modify absent both parties' consent. We affirm.

¶ 2 The Decree of Divorce, filed July 25, 2000, indicates that trial was held in May 2000, the court issued its findings in a court minute in June 2000. Thereafter, the parties submitted their private settlement agreement which was incorporated into the final Decree.[1] Paragraph 10 of the Decree states:

> That the parties further stipulate and agree that (Wife) shall be awarded and (Husband) should be ordered to pay to (Wife) support alimony in the total amount of $108,000.00, which support alimony should be pay (*sic*) at the rate of $900.00 per month for a period of 120 months, with said payments to begin on July 1, 2000.

Both parties signed the Decree and indicated they agreed to its form and content.

¶ 3 Husband first filed a Motion to Modify the Decree in March 2001. In that motion he asserted material and substantial changes of conditions required modifying the support alimony award.[2] Wife filed a Motion to Dismiss in November 2001, asserting that the Decree was a consent order and as a result the alimony provision could not be modified without the consent of both parties, citing *Whitehead v. Whitehead,* 1999 OK 91, 995 P.2d 1098 and *Perry v. Perry,* 1976 OK 57, 551 P.2d 256. The trial court granted Wife's Motion to Dismiss in February 2002, citing *Whitehead, supra.* The record does not indicate whether Husband appealed from that dismissal order.

¶ 4 Husband filed a second Motion to Modify Decree of Divorce in May 2005. Husband again argued a material and substantial change in circumstances warranted reduction of the support alimony obligation. Husband asserted that he had retired from his railroad employment for medical reasons, which resulted in his income being "radically reduced." Husband asserted that his retirement also resulted in Wife's income increasing because she began receiving railroad spousal retirement benefits "over, above and beyond the interest in (Husband's) retirement benefits awarded by the Decree...."

---

1. Wife asserts that the court minute indicated the trial court would award $120,000 in support alimony, to be paid over ten years.

2. These included a reduction in Husband's income, an increase in Husband's expenses, Wife becoming employed, and a decrease in Wife's need for support.

¶ 5 Wife filed her Motion to Dismiss June 13, 2005. Wife repeated her argument that the Decree was by consent and therefore could not be modified without the consent of both parties. The trial court issued its Order June 29, 2005, in which it found that the Decree was a consent decree which included an agreement between the parties regarding support and maintenance. The court found "(t)he agreement between the parties as set out in the decree was final and binding and left nothing for determination by the court." The court relied on *Whitehead, supra* and *Stuart v. Stuart,* 1976 OK 107, 555 P.2d 611, in noting that a consent decree may not be modified without the consent of both parties and the court therefore granted Wife's motion to dismiss.

¶ 6 Husband appeals from the June 2005 dismissal of his second motion to modify the Decree. In his response to Wife's motion to dismiss, Husband did not claim that the Decree was not a consent order. Husband claimed first that *Whitehead, supra,* did not bar modification in this case because, according to Husband, *Whitehead* applies only to cases where the parties have consented to an alimony award which would otherwise be void if entered by a court. Husband argued that the agreement the parties entered in this case was for a sum certain, payable in installments for a specific time period, and that as such, it was an alimony award which the trial court could have made in the first instance. Husband then asserted that pursuant to *Utsinger v. Utsinger,* 1993 OK CIV APP 21, 848 P.2d 1180, where the parties entered a consent decree for an alimony award which complied with the requirement that it be for a sum certain, the trial court retained authority to modify the consent decree unless the decree contained an express waiver of the court's modification authority.

¶ 7 *Whitehead, supra,* involved a consent decree providing for the payment of alimony for an indefinite period. The husband sought to terminate alimony payments, and contended in part that the alimony provision was void on its face because it failed to establish a sum certain alimony amount. The trial court denied the husband's claim because the alimony provision was part of a consent decree. The Oklahoma Supreme Court affirmed the trial court. In *Whitehead,* the court noted the long-accepted rule that parties to a divorce may submit an agreed order to the trial court for approval, and once incorporated into the decree, such a consent order may not be modified without the consent of both parties. *Id.* at ¶¶ 9–11. The Supreme Court also recognized that this rule applies *even if* the parties agree to conditions which would be void if imposed by the trial court: "(s)uch an agreement between the parties is enforceable and valid even though it does what a trial court cannot do, provided the agreement does not contravene public policy." *Id.* at ¶ 10, citing *Perry, supra,* 551 P.2d at 258. Despite Husband's assertion to the contrary, this statement does not mean that consent decrees are not subject to modification *only if* the parties agree to otherwise void or unlawful conditions in a consent decree.

¶ 8 Husband argued next that because the Decree in this case did not expressly waive the trial court's statutory modification authority, it is presumed the parties intended for the trial court to retain that authority. For this statement, Husband relied on *Utsinger, supra.* We note that the *Whitehead* decision was issued after *Utsinger.* Additionally, *Utsinger* is a Court of Civil Appeals decision which does not bear the designation "approved for publication by the Supreme Court" and therefore has not been accorded precedential value, pursuant to Oklahoma Supreme Court Rule 1.200(c)(2). *Utsinger* therefore has persuasive value only. *Whitehead* plainly states that "(i)f the agreement between the parties regarding support and maintenance is intended as final and binding, leaving nothing for determination by the court on the question of the amount of the allowance, *such decree is not subject to modification* without the consent of both parties." *Id.* at ¶ 10, citing *Stuart v. Stuart,* 1976 OK 107, ¶ 14, 555 P.2d at 615. On this point *Whitehead* and *Utsinger* cannot be reconciled and we must follow *Whitehead.* *Whitehead* does not support Husband's claim that the trial court retained authority to modify the consent Decree at issue here, absent an express waiver of the modification

authority. Accordingly, we AFFIRM the trial court's order dismissing Husband's motion to modify the Decree.

MITCHELL, P.J., concurs, and ADAMS, J., dissents with separate opinion.

ADAMS, J., dissenting.

¶ 1 According to the majority, *no* divorce decree awarding support alimony and which is based upon the parties' agreement is subject to the provisions of 43 O.S.2001 § 134(D) allowing modification of support alimony, even though the parties' agreement and the decree are *silent* with regard to modification. In doing so, I believe the majority applies *Whitehead v. Whitehead,* 1999 OK 91, 995 P.2d 1098, too broadly.

¶ 2 *Whitehead* involved an agreement which provided for support alimony which was not stated in a lump sum and for a defined period. That agreement was *inconsistent* with the "sum certain" rule based on language formerly contained in what is now 43 O.S.2001 § 121, but which continues to be recognized as applicable in Oklahoma. *See Mayhue v. Mayhue,* 1985 OK 68, 706 P.2d 890. Mr. Whitehead, despite having allowed the divorce decree to become final, sought to have the alimony provision declared invalid.

¶ 3 The Court concluded Mr. Whitehead could not do so, although he would have been able to mount a collateral attack on the alimony provision if it had not been a "consent decree." The Court's statement, relied upon by the majority, that "such decree is not subject to modification without the consent of both parties," cannot be applied out of its context, *i.e. an agreement which was inconsistent with the relief sought. Whitehead,* 1999 OK 91, ¶ 10, 995 P.2d at 1101.

¶ 4 This case is more closely analogous to *Dickason v. Dickason,* 1980 OK 24, 607 P.2d 674, wherein the Court held a consent decree which was *silent* on the applicability of what is now 43 O.S.2001 § 134(B) regarding termination of support alimony, was nevertheless subject to that provision. According to *Dickason,* a consent decree is subject to the law then in place, and if the parties wish to prevent that law from becoming part of their agreement, any power to do so must be expressly exercised. *Silence* on the application of the law is not sufficient.

¶ 5 *Utsinger v. Utsinger,* 1993 OK CIV APP 21, 848 P.2d 1180, correctly applied this principle in concluding that a consent decree which was silent on the application of § 134(D), in effect, included that provision. We should reach the same conclusion.

¶ 6 Modification pursuant to § 134(D) is not inconsistent with any express provision of the trial court's decree or the parties' agreement. Therefore, I respectfully dissent.